Grafton,  }
Oct. 1, 1918. }

### Edwin F. Richmond, *Adm'r*, v. Bethlehem.

A town is required to maintain its highways in a condition reasonably suitable for the ordinary travel thereon and is not liable for injuries from an unrailed embankment, unless it is one which reasonably ought to have been railed.

One riding in an automobile is as much a traveler upon the highway within the meaning of the statute of highways as he who walks or rides in a horse-drawn vehicle.

Before the court can be required to give particular instructions there must be evidence, relevant and pertinent, on which to found them.

The court is not required to use the specific language of a request for instructions to the jury.

Case, for negligence. Trial by jury and verdict for the plaintiff. The plaintiff's intestate was driving in his automobile upon the highway of the defendants between Littleton and Whitefield, when in order to avoid an obstacle in the road he ran his automobile into a ditch on the north side of the road, and coming out of that, the automobile went across the road and fell over an unrailed embankment

on the south side of the highway and he was killed. An exception, which sufficiently appears in the opinion, was taken by the defendants to the refusal of the court to give requested instructions. Transferred from the September term, 1916, of the superior court by *Kivel*, J.

*Edward J. Cummings* and *Martin & Howe* (*Mr. Howe* orally), for the plaintiff.

*Harry Bingham* and *Drew, Shurtleff, Morris & Oakes* (*Mr. Bingham* and *Mr. Oakes* orally), for the defendants.

PLUMMER, J. The following requests for instructions, except so far as included in the charge, were denied subject to the defendants' exception:

"(2) In considering the question of the liability of the town for not railing the highway at the place of the accident the question is not whether a railing would have rendered the highway safe and prevented the accident but whether repair of that character was reasonably required."

"(4) Towns are not bound to maintain railings that will resist, without breaking, the force of an automobile weighing three thousand pounds going at a rate of fifteen or twenty miles an hour."

"(6) If you find that a railing which would have made the highway reasonably safe for travel thereon would not have prevented the injury, then the plaintiff cannot recover because the lack of such a railing was not the proximate cause of the injury.

(7) An automobile is not a carriage within the meaning of the statute making towns liable for injuries to 'any person, his team or carriage, traveling upon a bridge, culvert, or sluiceway, or dangerous embankments and defective railings, upon any highway.'

(8) Public roads are intended for ordinary travel; if they meet the requirements which their ordinary use demands when used by travellers on foot and with teams and carriages, the town has performed its legal duty under the law and cannot be made answerable in damages for extraordinary accidents occurring on them."

The second, sixth and eighth requests were covered in the charge. The court told the jury several times in different phraseology that the defendants were not liable unless the unrailed embankment was one which reasonably ought to have been railed, and that reasonable men would have railed. It was made clear that the plaintiff could

not recover unless the absence of the railing was the cause of the accident. And the jury must have understood from the language of the court that the defendants' liability was limited to maintaining at the place of the accident the highway reasonably suitable for the ordinary travel thereon, for that was distinctly pointed out. These requests for instructions being substantially included in the charge, the exception to their denial cannot be sustained. The court was not required to use the specific language employed by the defendants in their requests. *Wheeler* v. *Railway,* 70 N. H. 607, 615; *Walker* v. *Railroad,* 71 N. H. 271, 273; *Bond* v. *Bean,* 72 N. H. 444; *Kasjeta* v. *Company,* 73 N. H. 22, 25; *Marcotte* v. *Company,* 76 N. H. 507, 513.

The evidence does not support the statement made in the fourth request. It does not appear that the car was going fifteen or twenty miles an hour when it fell down the embankment. The testimony is that when the car left the road it was going not more than twenty miles an hour. This apparently refers to the time when the car went into the ditch on the north side of the road. It ran in the ditch a short distance, and to bring the car out of it, the deceased had to put on the power, then it went across the road and over the embankment, but it does not appear at what rate of speed the car was then going, and an instruction based upon the assumption that the automobile was going fifteen or twenty miles an hour when it went over the embankment was not warranted by the evidence, and was, therefore, properly refused. *Challis* v. *Lake,* 71 N. H. 90, 95; *Kuba* v. *Devonshire Mills;* 78 N. H. 245, 247. "Before the court can be required to give particular instructions, there must be evidence, relevant and pertinent, upon which to found them." *Goodrich* v. *Railroad,* 38 N. H. 390, 397; *Woodman* v. *Northwood,* 67 N. H. 307, 309; *Hersey* v. *Hutchins,* 70 N. H. 130; *Osgood* v. *Maxwell,* 78 N. H. 35, 38.

No error was committed in the refusal to grant the seventh request. In this case damages were sought for killing the plaintiff's intestate, and not, as the request indicates, for injuries to the automobile. The statute (Laws 1915, *c.* 48) makes towns liable for damages happening to any person traveling upon a bridge, culvert or sluiceway, or dangerous embankments and defective railings, upon any highway, which at such places is defective or in want of repair, rendering it unsuitable for the travel thereon. The plaintiff is entitled to maintain his action, so far as the point under consideration is concerned, if his intestate was a traveler upon the highway. The deceased was certainly a traveler when the accident occurred. The statute does not prescribe

in what manner a person shall travel to entitle him to its protection. One riding in an automobile is as much a traveler upon the highway as he who walks or rides in a horse-drawn vehicle.

In *Hendry* v. *North Hampton*, 72 N. H. 351, 355, which was an action for injury received by the plaintiff while riding a bicycle in the highway, the court said: "The defect complained of in the present case was an unrailed and dangerous embankment. We must assume from the instructions of the court and the verdict of the jury that it rendered the highway unsuitable, not only for traveling by bicycle, but for ordinary travel as well. This being so, we see no reason why the fact that the plaintiff was on a bicycle, instead of on horseback or on foot pushing her bicycle, should preclude her recovery. Common sense rejects the distinction. The statute furnishes no warrant for it, either in letter or spirit. It says: 'Towns are liable for damages happening to any person. . . . traveling,' etc., without any expressed limitation as to the mode of conveyance. 'A traveler is one who travels in any way.' To travel, is 'to pass or make a journey from place to place, whether on foot, on horseback, or in any conveyance.' Traveling is 'the act of making a journey; change of place; passage.' The word 'traveling,' as used in some penal statutes, may have a narrow meaning; but in order to maintain an action against a city or town for a defect in a highway, one need be a traveler only in the general sense above indicated." See also *Hardy* v. *Keene*, 52 N. H. 370, 377.

The defendants rely upon *Doherty* v. *Ayer*, 197 Mass. 241. The Massachusetts statute under which the action was brought is not like the statute here, and in that case damages were sought only for injuries to the automobile, and furthermore it was not held that one could not recover for damages to an automobile upon a highway, if the highway was unsuitable for the ordinary travel thereon.

The plaintiff was a traveler upon the highway not only in the general and usual sense of that term, but also in a method approved and sanctioned by the state. Laws 1915, c. 129.

*Exception overruled.*

All concurred.