Rockingham,
March 4, 1919. 

## JOSEPH BRITO v. NEWMARKET MANUFACTURING COMPANY.

An exception to the evidence of an expert witness that the starting of a machine
might be due to various conditions is unavailing though no evidence thereof
was offered, if the jury were instructed that their verdict must be based upon
the evidence and not upon conjecture.

The argument of counsel that a person absent from the trial, but claimed by his
opponent to be a material witness, would not support his contentions was
unexceptionable, there being no evidence that such person was outside the
jurisdiction or that the opposing party had attempted to locate him.

Certain evidence held sufficient to justify the finding that a machine was out
of repair, that the defendant knew or ought to have known of its dangerous
condition and that the plaintiff was without fault in not knowing of it.

ACTION, for personal injuries. Trial by jury and verdict for
the plaintiff.

The defendant's motions for a nonsuit and a directed verdict were
denied subject to exception. The facts appear in the opinion. Trans-
ferred by *Allen*, J., from the January term, 1918, of the superior
court.

*Ernest L. Guptill* and *Arthur L. Churchill* (*Mr. Guptill* orally),
for the plaintiff.

*Doyle & Lucier* and *F. Clyde Keefe* (*Mr. Lucier* orally), for the
defendant.

WALKER, J. The plaintiff was injured while at work on a machine
called a comber, which he had stopped by using a shipping rod. His
purpose was to take off some rolls and clean off some waste that had
accumulated in the machine. While he was doing this the machine
started, caught his hand, and inflicted the injury complained of.
There was evidence that if the machine was in proper condition it
would not start up, after it had been stopped by moving the shipping
rod, until the rod was pushed the other way. As tending to prove
that the machine was defective the plaintiff testified that he had seen
the man who instructed him use a stick to start the machine when it
stopped; that he put the stick near the rod. An expert witness
testified that a stick can be jammed in to control the action of the
rod. There was also testimony that a string was sometimes tied to

the handle of the rod and attached to some other part of the machine to hold the rod in place.  One contention of the defendant is that it does not appear that these attachments were used upon the machine which the plaintiff was operating when he was injured.  The most that can be said is that that fact does not positively appear, but it cannot be held that the jury, considering the way the plaintiff testified (through an interpreter) and the language he used in reply to the questions addressed to him, did not refer to the machine in question but to some other one upon which he may have worked.

In explanation of the fact that a stick or string was sometimes used in the way above suggested, there was evidence that the belt on the machine was crossed, so that it was liable to run onto the fast pulley and start the machinery.  To prevent this a stick or string might be used.  The evidence, therefore, was sufficient to justify the finding that the machine was out of repair, that the defendant knew or ought to have known of its dangerous condition, and that the plaintiff was guilty of no fault in not knowing it.  The motions for a nonsuit and a directed verdict were properly denied.

The defendant also excepted to the evidence of an expert that the starting of the machine might have been caused by various conditions of the existence of which there was no evidence.  The exception is, however, unavailing, since the jury were expressly instructed that a verdict for the plaintiff must be based upon the evidence and not upon conjecture.

Counsel for the plaintiff commented in argument upon the absence from the trial of a man who, as a witness, upon the defendant's theory of the case, could have given material evidence in its favor.  It appeared that he was not then in Newmarket and that the defendant did not know where he was; but there was no evidence that the defendant had attempted to locate him or that he was out of the jurisdiction.  Upon this state of the facts the plaintiff's counsel was justified in arguing that the missing witness would not support the defendant's contention.

*Exceptions overruled: judgment on the verdict.*

PLUMMER, J., was absent: the others concurred.