Merrimack, }
June 1, 1920. }

## WILLIAM A. LEE v. JAMES H. HUSTIS, *Receiver.*

In case for running down the plaintiff's wagon by the defendant's electric car, though the plaintiff was driving negligently yet if the defendant's motorman knew of the danger therefrom in time to have prevented the injury and that the plaintiff did not appreciate the danger, a verdict may be rendered for the plaintiff.

The order of procedure being within the discretion of the trial court, the admission of evidence in chief, after the plaintiff has rested, is not exceptionable.

The failure to call an available witness is legitimate matter for argument to the jury.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1919, of the superior court by *Branch*, J., upon the defendant's exceptions to the admission of evidence, to the denial of a motion for a directed verdict, and to instructions given to the jury. The facts are stated in the opinion.

*Robert W. Upton* and *Joseph C. Donovan* (*Mr. Upton* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendant.

PEASLEE, J. This is an action for damages caused by a collision between the plaintiff's wagon and the defendant's electric street car. There was evidence from which the following facts could be found. The plaintiff when about to cross from the west to the east side of Main street, in Concord, to enter the driveway to his premises, saw the defendant's car approaching him from the south at a distance of about 260 feet. He thought he had ample time to cross, believed that if there was danger of a collision the motorman would give

warning and slow down, and therefore paid no more attention to the car but looked to the southeast to see if automobiles were approaching and that the entrance to his driveway was clear. The car was in fact coming at an unusual and excessive rate of speed. The motorman took note of the plaintiff's course of conduct, saw that a collision was imminent and that the plaintiff did not appreciate the situation, but neither gave warning nor attempted to slacken his speed until just as the car struck the rear end of the wagon.

It is evident that upon these facts the case was for the jury. But the defendant contends that even if this is true, it was error to submit the case upon the last clear chance theory. It is argued that the case comes within the principle of *Gahagan* v. *Railroad*, 70 N. H. 441, rather than within the rule laid down in *Cavanaugh* v. *Railroad*, 76 N. H. 68. In each of those cases there was negligence on the part of the injured person which continued up to the time of collision. In neither case was there any point of time when due care on the part of the defendant's servant would, while like care on the part of the traveler would not, have prevented the injury. The distinction between them lies in the fact that in the *Gahagan* case it was thought that there was no evidence that the defendant's servant knew Gahagan was proceeding without appreciating the danger, while in the *Cavanaugh* case there was evidence that the engineer knew the traveler was unconscious of her peril. Because the defendant had superior knowledge of the situation it was held liable in the *Cavanaugh* case; while lack of proof of such knowledge was held fatal to the plaintiff in the *Gahagan* case.

It is argued here that because the plaintiff testified that he did not look again because he did not suppose the motorman would run him down, but would give warning or stop if necessary, therefore it could not be found that the plaintiff was ignorant of the danger. That the plaintiff knew that the car would hit the wagon if it arrived before the wagon cleared the track, is evident. What he did not know was that the car would approach at a dangerous speed and without warning. He believed that this would not occur. It was a danger which in fact existed, and of which he was ignorant. His conduct was such as to indicate his state of mind to the motorman, and therefore the defendant is chargeable with the superior knowledge of the situation which was lacking in the *Gahagan* case, and was the basis of recovery in the *Cavanaugh* case.

It may have been negligence for the plaintiff to proceed as he did. But if it was, the motorman knew it was so and knew that the plain-

tiff did not know, or did not appreciate the danger. The *plaintiff* was non-judging or non-observing, to the motorman's knowledge; and the jury were properly instructed that they might find a verdict for the plaintiff upon that theory.

Doctor Graves, who had examined the plaintiff at the request of the defendant, was not called as a witness. The plaintiff called a witness in rebuttal who testified as follows:

"Q. Have you seen Dr. Graves in the court room during the trial? A. Yes, sir.

Mr. Woodworth: If the court please, I object to this question, it isn't rebuttal.

The court: You wish an exception to it?

Mr. Woodworth: I do.

The court: You may have an exception; I don't think it rebuts anything.

Q. When was it? A. Yesterday.

Mr. Woodworth: To this I object and except.

The court: Yes."

It is urged that this evidence was harmful to the defendant and its admission at this stage of the trial erroneous. It is not necessary to cite authority for the proposition that the failure to call an available witness is legitimate matter to argue to the jury. The fact testified to was admissible. Since the evidence was competent in substance, it is immaterial here at what stage of the trial the court permitted it to be introduced. The order of procedure is for the trial court. *Gerrish* v. *Whitfield*, 72 N. H. 222.

The finding in the case that the first question was asked and answered before counsel had time to object, does not affect the result. By permitting further examination along the same line, and allowing an exception thereto, the court plainly ruled the evidence in. The fact that the presiding justice stated that in his view the evidence did not rebut anything, if of any significance here, merely shows that he exercised his undoubted authority to permit the plaintiff to introduce evidence in chief after the defendant had rested.

*Exceptions overruled.*

All concurred.