Merrimack,
June 22, 1939. } No. 3061.

WILFRED WOODMAN, *by his father and next friend v.* WARREN PECK.

O. RAY WOODMAN *& a. v.* SAME.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiffs.

*Demond, Sulloway, Piper & Jones* (*Mr. Franklin Hollis* orally), for the defendant.

ALLEN, C. J.  I.  Exception was taken to evidence of the promise of the parents to pay the hospital and nursing bills for their son when they could.  The claim is made that it tended to show their poverty.

The law being that a parent is not liable "to third parties for necessaries furnished a minor child in the absence of an express or implied contract" (*McConnell* v. *Lamontagne*, 82 N. H. 423, 424, citing other cases), clearly the agreement to pay, as an express contract, might be shown.  The presentation of a bill is not of itself evidence of a promise to pay it, and the parents' liability for the bills was not conceded.  The fact of poverty like that "of insurance may incidentally and unavoidably appear" (*Piechuck* v. *Magusiak*, 82 N. H. 429, 431), and the situation may then call for an instruction to disregard it.  See *O'Malley* v. *McGillan*, 86 N. H. 186, 187.  As to the bills the father assumed, the objection was to evidence of their payment, and not to the inferential disclosure of poverty.  With reference to the bills which the mother promised to pay, the jury were directed to consider the evidence "simply on the question of having assumed obligations to pay" them.  The presumption that instructions are heeded applies.

After the accident the plaintiff Wilfred was taken to a hospital in a town at some distance from the home of the parents.  It was in evidence that to be with him while there, they incurred traveling expenses of transportation, board and lodging.  The evidence was admissible.  Their attendance on their son might be found a reasonable need for him, by way of comfort and cheer, in recovery.  If of less importance, the attendance was findably in furtherance of the same purpose as the hospital's service, the doctor's treatment,

and the nurse's care. The objection to the evidence was general, and it was not sought to limit its use by request that the expenses were not to be allowed if they were incurred for "the pleasure and comfort" of the parents.

Whether, when a father sues for consequential loss for injury to a minor child, the mother may join with him in the action, seems doubtful. The statute (P. L., c. 290, s. 4) making the parents the joint guardians of every unmarried child and providing that their "powers, rights and duties . . . in regard to such child shall be equal," relates in its viewpoint to the subject of guardian and ward as well as to that of parent and child. A purpose that the duties of guardianship imposed upon the mother should include the parental duty of support when the father's duty to support is in force and available, may be questioned. In *Ernshaw* v. *Roberge*, 86 N. H. 451, 456, it was held that allowance for the mother's services in caring for an injured child was to be given as an expense borne by the father in his action against the wrongdoer. The holding was erroneous if the mother owed her services to the child. But decision here is not required, since no objection was raised at the trial to the mother's standing as a joint plaintiff with the father.

The exceptions relating to the topic of damages in the parents' action are accordingly overruled.

II: After the accident photographs at its scene were taken by a witness engaged by a person acting in the defendants' behalf and giving the photographer instructions. The photographs taken did not show some marks on the highway which were evidence against the defendant. In argument plaintiff's counsel commented that the person engaging the photographer had not appeared as a witness to testify what instructions he had received for his directions to the photographer. No explanation for not producing him as a witness had been made.

"It is not necessary to cite authority for the proposition that the failure to call an available witness is legitimate matter to argue to the jury." *Lee* v. *Hustis*, 79 N. H. 434, 436. And the comment may be that his evidence would be unfavorable. *Mitchell* v. *Railroad*, 68 N. H. 96, 116; *Brito* v. *Company*, 79 N. H. 163, 164.

The exception to the argument is accordingly unsustained. But there remains to be considered in connection with it the exception to the denial of the request for an instruction that no inference of "a consciousness of guilt" was to be drawn from the defendant's "arrangements to have the accident investigated and photographs

prepared of the scene of the accident." The request concededly was made because of the ruling sustaining the comment already considered. The comment related to the character of the investigation in obtaining evidence, and not to the fact of investigation. The unfavorable testimony which it could be argued the person not called as a witness would give was of instructions to have photographs taken which would be one-sided in showing how the accident occurred. As only a partial picture to indicate how it occurred and where fault lay, it might be regarded as inaccurate and misleading. Though not a suppression of evidence, it could be found to be a dissemblance of evidence. It was then arguable that "consciousness of guilt" existed. Criticism in argument of practices which may reasonably be regarded as unfair and improper, and from which an admission of weakness and lack of confidence in the issue may be claimed, is the permissible comment. The argument is not an attack on the undertaking of investigating matters relating to possible or actual litigation, or on the failure of a party to introduce evidence harmful to his cause, but is a charge of conduct incident to the cause which has some tendency to defeat justice.

The position taken that the argument impliedly asserted that the defendant was protected by insurance, rests upon an unreasonable assumption. The person who engaged the photographer did so at the defendant's request and under his instructions. The argument was based upon the relation of the person to the defendant as the latter's personal agent, and a veiled suggestion of insurance is not perceived.

Since the requested instruction was inapplicable to the argument, and since the evidence entitled counsel to argue conduct indicating awareness of fault, it was properly denied. The jury were directed to draw conclusions from probabilities, and the court was not required to tell them that certain selected evidence had no persuasive value when no argument in claim of such value had been made. The occasion for the instruction was of too slight importance to demand it. Whether it would aid the jury, was an inquiry to be answered in the exercise of the trial court's discretion.

III. Instructions were requested that if negligence of the operator of the plaintiff's car or its unlawful speed was "the proximate cause of the accident," recovery was barred.

The defendant's argument relating to proximate cause, as it is understood, appears to be twofold. It is asserted that the jury were not instructed that if the operator's negligence was the proximate

cause of the accident, the defendant though negligent was not liable. But the instruction was given that only if "the defendant was negligent to some extent and his negligence was a proximate cause . . . of the accident," could the plaintiff recover, followed by a definition of proximate cause. The point is also taken that there can be only one proximate cause of an accident. The reasoning in its support seems specious. Whether two or more forces acting separately may each be causal or whether they are in combination as a single cause, is a speculation belonging to the realm of metaphysics rather than a matter of practical logic.

The charge stated the law correctly and clearly. Its direction was that the plaintiff could not recover if the accident resulted solely from the negligence of the operator of his car, but might if the defendant's fault was proximately causal, although such fault was in combination with that of the operator of the plaintiff's car. Citation of authority to support this view of legal cause as long and well established seems hardly called for, but the references in the plaintiffs' brief to excerpts from the opinions in the cases of *Tetreault* v. *Gould*, 83 N. H. 99, and *Fontaine* v. *Charas*, 87 N. H. 424, may be noted.

The exceptions with reference to proximate cause are therefore also overruled.

IV. Instructions were also sought to the effect that if the operator of the plaintiff's car was driving at an excessive speed or in a negligent manner with the plaintiff's full knowledge and consent, the plaintiff could not recover if the operator's negligence was causal.

The requests contained an incorrect statement of the law. Their basic error is in the substitution of assumption of risk for negligence. The proposition that danger may be knowingly encountered without negligence needs no discussion, and the risk assumed from another's negligence has the same legal effect as that incurred from other conditions of danger. Carelessness is not thereby necessarily shown except under circumstances which prove negligence as matter of law. Without such circumstances the character of the conduct of a passenger in an automobile while it is driven, or probably will be driven, negligently, is an issue of fact. The subject has been well considered in *Laflamme* v. *Lewis*, 89 N. H. 69.

The claim of a joint enterprise, if it is made, is defeated by the right of the operator of the car as its owner to its sole control. His habitual waiver of the right in the plaintiff's favor did not affect the right to modify it. The waiver was not a matter of duty or contract.

So far as the plaintiff might have taken effective action, it related only to the driver's overspeeding with a broken speedometer. The overspeeding was not findably so excessive that the law required the plaintiff in due care to protest, although protest would have been heeded. Fault in a passenger's acceptance of improper driving is not conclusively established unless the driver's fault or incompetence is so gross or extreme that effort to abate the danger, by inducing proper driving or by leaving the car if it may be done in safety, is unquestionably demanded.

V. Another exception is to the denial of a request for an instruction that the defendant was not liable if he was at all times on his own right-hand side of the road.

The statutory duty (P. L., c. 90, s. 1) is that a driver of a vehicle on meeting a traveler from the opposite direction shall turn to the right of the center of the traveled part of the highway, "so that each may pass the other without interference." If this does not impose the duty of reasonable clearance space, the common law does. There is no unqualified and absolute right to drive to the center line of the highway when travelers are met, but on his own right side a driver is required to drive reasonably. His right to a reasonable use of his side of the road is not a right to an unreasonable use of it. The issue here was not only whether the defendant was on his side, but also, assuming that he was, whether he drove there with proper care. It was his duty to take due precautions to avoid an accident such as happened, and upon the evidence it was an issue of fact whether he did so. It follows that the request was rightly denied.

*Judgments for the plaintiffs.*

All concurred.