Hillsborough,
May 27, 1940. } No. 3161.

GEORGE ROSS *v.* CHESTER H. BURNHAM.

SAME *v.* RODERIQUE DESHARNAIS.

SAME *v.* RAYMOND DESHARNAIS.

SAME *v.* DONALD W. FISH.

FERNANDE ROSS *v.* CHESTER H. BURNHAM.

SAME *v.* RAYMOND G. DESHARNAIS.

SAME *v.* DONALD W. FISH.

LACONIA PLUMBING & HEATING SUPPLY CO., INC.

*v.*

RAYMOND G. DESHARNAIS.

CHESTER H. BURNHAM *v.* RODERIQUE DESHARNAIS.

SAME *v.* RAYMOND G. DESHARNAIS.

SAME *v.* DONALD W. FISH.

*Chretien & Craig (Mr. Chretien* orally), for the plaintiffs Ross.

*Devine & Tobin* (by brief), for the defendants Desharnais.

*Murchie, Murchie & Blandin (Mr. Alexander Murchie* orally), for the defendant Burnham.

WOODBURY, J. The verdicts indicate findings by the jury that the defendants Desharnais and Burnham were guilty of causal negligence but that the plaintiffs Ross and the defendant Fish were not. No question of the sufficiency of the evidence to support these findings is raised except with respect to the defendant Burnham. As to him it is contended that there is no credible evidence that he had

time to do anything to avoid colliding with the Desharnais car after it went out of control as a result of its contact with the Fish car.

The evidence with respect to the interval of time between collisions is even more confused and conflicting than usual in cases of this character and some of it is clearly incredible. But since it all relates to speed, time and distance, objective matters concerning which parties on the witness stand might honestly be mistaken, it is not binding upon them. *Keck* v. *Hinckley*, 90 N. H. 181. Detailed consideration of it would serve no useful purpose except to point out that the plaintiff, George Ross, placed the defendant Burnham several hundred feet behind the Fish car when it and the Desharnais car collided. This testimony with that given by Burnham himself provides a sufficient basis for a finding that time enough elapsed between collisions to permit him to have acted with saving effect. He testified that although he did not observe the Fish and Desharnais cars collide, he saw them pass one another "too close for comfort," apprehended that there might be an accident, saw the Desharnais car then come "right straight at" him, immediately applied his brakes and at the moment of his collision was "either stopped or practically stopped." If he had time, after realizing the impending danger, to bring his car even almost to a standstill before the collision, if the highway was not too slippery to prevent his brakes from taking effect, and if he was following the Fish car at anywhere near the distance behind it that George Ross testified to, then there must have been time, and highway conditions could not have been too slippery to have permitted him, instead of pulling to his right and stopping, to have swung to his left and gone around the Desharnais car. A finding that due care required such conduct on his part rather than what he actually did could be predicated upon his testimony that the Desharnais car came "straight at" him and did not swerve from one side of the road to the other. This feature of the case at bar distinguishes it from *Morin* v. *Morin*, 89 N. H. 206. The defendant Burnham's motions for nonsuits and directed verdicts in the actions of the Rosses against him were properly denied.

The plaintiff George Ross testified that the car in which he was riding was on its own right hand side of the road when it was in collision with the Fish car. In consequence the defendants Desharnais excepted to the refusal of the court to grant their request to charge as follows: "As to the plaintiff, George Ross, you must find that at the time of the collision with the Fish car Raymond Desharnais was on his own right hand side of the road." This request was properly

denied.   The doctrine of *Harlow* v. *Leclair*, 82 N. H. 506, does not apply because the above testimony of Ross relates to an objective matter about which he could honestly have been mistaken, and there was testimony from both the defendant Burnham and from the defendant Fish to the effect that the latter was driving on his own side of the road when his and the Desharnais car collided.   See *Watkins* v. *Railroad*, 83 N. H. 10, 13; *Barrett* v. *Company*, 85 N. H. 33, 35; *Dimock* v. *Lussier*, 86 N. H. 54, 56; *Howe* v. *Company*, 87 N. H. 122, 125; *Sarkise* v. *Railroad*, 88 N. H. 178, 181; *Jackson* v. *Smart*, 89 N. H. 457, 458; *Putnam* v. *Bowman*, 89 N. H. 200, 204.

The defendants Desharnais also excepted to the refusal of the court to grant their motion for a mistrial.   This motion was based upon certain cross-examination of the elder Desharnais to the effect that his family and that of the plaintiff George Ross were good friends. The contention is advanced that, although there was no direct mention of insurance, this testimony was introduced for the purpose of showing that the actions of the Rosses against the Desharnais were friendly ones and so by inference were brought only because the latter were insured.

Throughout the trial the plaintiffs Ross testified in such a way as to indicate clearly that they did not consider the driver of the car in which they were riding to blame for either collision.   The testimony elicited on the above cross-examination explains the reason for this attitude on their part.   If in addition it might also suggest that the liability of the owner of the Desharnais car was covered by insurance, the suggestion is so veiled that it cannot be said that the jury must have understood it.   *Woodman* v. *Peck*, 90 N. H. 292.

*Judgments on the verdicts.*

All concurred.