Hillsborough, } No. 3705.
Apr. 6, 1948. }

MARY O'BRIEN *v.* PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE.

*Chretien & Craig (Mr. Chretien orally), for the plaintiff.*

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Langdell orally), for the defendant.*

BLANDIN J. There was evidence upon which reasonable men could find that the sole cause of the accident was the defendant's negligence and in the absence of any error affecting the result the verdict must be upheld. See *Riley* v. *Bank*, 86 N. H. 329, 330; *Mason* v. *Andrews*, 86 N. H. 277. If a reading of the record might lead this court to an opposite conclusion upon the question of fact from the one reached by the jury, that is no sufficient reason for us to usurp their functions. *Employers Assurance Co.* v. *Sweatt, ante,* 31, and cases cited.

Upon the evidence most favorable to the plaintiff it could be found that on Sunday, June 24, 1945, at about nine o'clock in the morning of a clear, dry day she was standing with her grandson on the south side of Candia road near where she lived. When the west-bound bus involved in the accident was over five hundred feet away to the east she saw it coming and started to cross the Candia road traveling northerly toward the bus stop on the north side of the highway. It appears that she was somewhat hard of hearing but her eyesight was reasonably good. She walked as she usually walked in crossing the twenty foot concrete strip, glancing occasionally toward the bus and when she reached about the center she gave a good look in that direction. She claims the view was unobstructed and she noticed the bus then at about Fairmont Street, approximately three hundred feet away. She says she continued on her way, last seeing the bus "a little ways this side of Fairmont Street," but remembers nothing more until after the accident. She was in contact with the bus about opposite where it usually stopped and afterwards was found lying north of the center of the road with her heel under the left rear wheel of the bus and her head near the center of the highway. The bus driver admitted that although he knew her and knew she was "prob-

ably" a steady passenger on that bus at about that time on Sundays, he did not see her until he was nearly opposite her and only two or three feet away. At that time it was too late for him to avoid the accident or to warn her, although he did then blow his horn, put on his brakes, shout out the window and turn to his right. He was not planning to stop at the bus stop and was traveling around fifteen to twenty miles per hour when he first saw Mrs. O'Brien. His excuse for his failure to see her sooner is that his view was obstructed by a line of traffic moving easterly, and that the plaintiff suddenly appeared from behind this line of traffic running toward the bus. He testified that it was a rule of the defendant company that drivers were supposed to be on the lookout for "customers" who were to take the bus in order to stop, but that he saw no "customers" at this particular place on that morning.

Although there was substantial contradiction of the plaintiff's evidence, both by the bus driver and independent witnesses, the jury saw her and the other witnesses and it was for them to decide whom to believe. *Employers Assurance Co.* v. *Sweatt, supra; Hunt* v. *Company*, 94 N. H. 421, 423, and cases cited.

The case is distinguishable from authorities cited by the defendant such as *Masters* v. *Company*, 92 N. H. 85, and *Jackson* v. *Smart*, 89 N. H. 174. In those cases this court held that the plaintiff took no thought for her, or his, own safety. Here the plaintiff testified she looked several times, saw the bus and expecting it to slow down and stop for her, thought she had plenty of time to cross in safety. Reasonable care on the part of the defendant's operator would have avoided the accident and it cannot be said as a matter of law in view of this, and her testimony as to looking, that she took no thought for her own safety. Nor do the facts here postulate any physical impossibility as in *Brown* v. *Mailhot*, 89 N. H. 240, and similar cases cited by the defendant. The plaintiff is not held to complete exactness as to her testimony regarding "speed, time and distance." *Ross* v. *Burnham*, 91 N. H. 80, 82; *MacKelvie* v. *Rice*, 92 N. H. 465; *Colby* v. *Avery*, 93 N. H. 250, 252. The jury could have found that the view was such that the driver should have seen her in ample time to avoid the accident.

To summarize the plaintiff's case, it may be said that in her attempt to cross the road, looking and giving thought to her own safety, she had "the right to rely on careful driving toward" her (*McCarthy* v. *Souther*, 83 N. H. 29) and to "assume that . . . [she] would be seen and not be injured." *Dane* v. *MacGregor*, 94 N. H. 294, 296. This was

particularly true as she might reasonably expect the driver to be on the lookout for passengers and to be slowing down preparatory to stopping at the usual place. This he did not do, and no reason appears why the jury were not at liberty to believe that his inattention rather than obstruction of his view or fault on the part of the plaintiff was the cause of his failure to see her until practically the instant of contact.

The Court granted certain of the defendant's numerous requests for instructions, denying others, and to their denial the defendant excepted. We have carefully examined these requests together with the charge as given. The charge is clearly worded, it appears to have covered all general principles applicable to this case and to have dealt in detail with certain vital specific issues. The requests refused which are relied upon by the defendant deal with specific portions of the evidence. Our decisions do not require the Court to charge on all such items. *Dane* v. *MacGregor, supra.* It is believed in this case the jury were fully and correctly instructed and there being no abuse of the Court's discretion in refusing the requests the exceptions to their denial are overruled. *Colby* v. *Lee,* 83 N. H. 303, 310. The verdict was within the bounds of the evidence and as there was no other error the defendant takes nothing by his motion to set aside the verdict. *Interstate Bridge Authority* v. *Ham Estate,* 92 N. H. 277, 282. The defendant's other exceptions being neither briefed nor argued are deemed waived, and the order is

*Judgment on the verdict.*

All concurred.