Strafford,
Jan. 3, 1950. } No. 3857.

TRYGVE B. AMUNDSEN *v.* BOSTON AND MAINE TRANSPORTATION CO.

*William H. Sleeper* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the plaintiff.

*Hughes & Burns* and *Donald R. Bryant* (*Mr. Bryant* orally), for the defendant.

DUNCAN, J.   The exclusion of the accident report filed by the operator of the defendant's bus was within the discretion of the Trial Court.   The witness admitted that the contradictory statement contained in the report was made by him, and the content of the statement appeared in evidence.   The report itself thus became merely cumulative, and the plaintiff was not entitled as a matter of right to have it received in evidence.   *Marchand* v. *Company*, 95 N. H. 422.

The record of the examination of the expert witness with respect to the x-ray plates discloses that much of the examination related to identification of particular plates, and that it produced little testimony concerning them which would assist the jury. The record does not show the time consumed by such examination, nor the attitude either of the witness or the examiner as it proceeded.   The Trial Court's rebuke singled out no particular aspect of the examination for criticism.   The entire episode took place in the presence of the jury, which was qualified to determine for itself what conduct was open to censure, and how far it was justified.

Certain of the witnesses referred to in the argument had been called by the defendant and testified that they had talked with plaintiff's counsel during the trial and been told that their testimony would not be needed.   Wilson had been summoned by the plaintiff, but was called to the stand by the defendant.   Some including Dadeneau, testified in substance that although in a position to observe the operator of the bus, they had not seen the conduct with which the plaintiff charged him, and that they had so advised his counsel.

The argument made by defendant's counsel sought to draw from these various circumstances the implication that the conduct of the

plaintiff's case revealed a consciousness of weakness. Similar arguments have been described as persuasive rather than probative, having a general tendency to discredit the opponent's case as a whole, although not logically material to particular issues. *Salvas* v. *Cantin*, 85 N. H. 489, 492. See also, *Doe* v. *Lucy*, 83 N. H. 160, 162; *Login* v. *Waisman*, 82 N. H. 500, 502; *Masterson* v. *Railway*, 83 N. H. 190, 194.

"If the conduct of counsel before the jury appeared to indicate that he had no confidence in the case, and we cannot say that it did not, then it might properly be argued. . . . " *Martel* v. *Mills*, 79 N. H. 439, 442, 443. Whether the conduct of plaintiff's counsel in this case disclosed a lack of confidence in his client's cause, or manifested a desire to afford adverse witnesses an opportunity to leave the court room, cannot be determined from the printed page. What took place occurred in the presence of the jury and proper reference might be made to it. It has been said that "argument of this character is not to be commended." *Martel* v. *Mills*, *supra*, 443. Obviously it has a tendency to divert the attention of the jury from the issues presented by the pleadings to collateral questions of the credibility and good faith of a party. While such considerations have their place in a trial, they should not be permitted unreasonably to overshadow the issues to which the verdict relates. We cannot say as a matter of law that the argument which the defendant was permitted to make in this case exceeded the limits of propriety.

By denying the plaintiff's motion to set aside the verdict, the Trial Court found that the trial was fair. *Lee* v. *Dow*, 73 N. H. 101, 104; *Kelley* v. *Lee*, 89 N. H. 100, 105. The comment of the Court during the direct examination of the attending physician, considered upon the transcript alone, might be regarded either as a proper exercise of judicial authority to expedite the trial, or as an injudicious remark provoked by impatience. The subsequent finding that the trial was fair, presumably made when the Court was free to take a dispassionate view of it, was a finding that both the comment and the argument found reasonable warrant in the events of the trial. The record contains nothing which throws doubt upon the presumption that the motion was impartially determined, or which requires that the findings implied in its denial be vacated.

*Exceptions overruled.*

All concurred.