Roy A. FULFORD, Jr.

v.

BURNDY CORPORATION.

No. 85–499–L.

United States District Court,
D. New Hampshire.

Dec. 2, 1985.

David B. Shepatin, Littleton, N.H., for plaintiff.

David Wolowitz, Sanders & McDermott, P.A., Hampton, N.H., Thomas Royall Smith, Siegel, O'Connor, Schiff, Zangari & Kainen, P.C., Boston, Mass., for defendant.

ORDER ON MOTION TO DISMISS

LOUGHLIN, District Judge.

Plaintiff commenced suit by a writ returnable the first Tuesday of September, 1985 in Grafton County Superior Court. The defendant had the case removed to this court. This is a 28 U.S.C. §§ 1332(a)(1), 1441(a) and (b) diversity action.

Plaintiff has sued in five counts, three counts in assumpsit and two counts in case.

The gist of his actions are as follows. The plaintiff entered into an employment contract with the defendant on or about March 28, 1979.

On June 12, 1982 plaintiff's minor son was bitten by a dog and injured while on the property of Gerald Fenner. The dog was owned by Claude Burgess and Helen Burgess.

On February 27, 1985 plaintiff through counsel, wrote to Gerald Fenner, Claude Burgess and Helen Burgess advising them that the plaintiff considered them liable for the dog-bite injuries that his son had received. At this time Gerald Fenner was employed by the defendants as plaintiff's supervisor.

The plaintiff further alleges that:

On March 1, 1985 the plaintiff was confronted by the defendant, its agents and employees, with the letter sent to Gerald Fenner by the plaintiff, and was advised that the defendant was terminating the plaintiff's employment immediately;

The plaintiff alleges that the termination of his contract by the defendant for employment was motivated by bad faith or

malice and/or was based on retaliation for making a claim against his supervisor on behalf of his minor son;

That the termination of plaintiff's contract by the defendant constitutes a breach of said contract;

A motion to dismiss is one of limited inquiry. The standard for granting a motion to dismiss is not the likelihood of success on the merits, but whether the plaintiff is entitled to offer evidence to support his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The complaint should not be dismissed unless it appears that appellant could "prove no set of facts in support of his claim which would entitle him to relief". *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969), *reh'g. denied* 396 U.S. 869 (1969).

The material facts alleged in the complaint are to be construed in the light most favorable to the (non-moving party), and taken as admitted with dismissal ordered only if the (non-moving party) is not entitled to relief under any set of facts they could prove. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969) *reh'g. denied* 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Harper v. Cserr*, 544 F.2d 1121, 1122 (1st Cir. 1976). Upon review of a complaint before receipt of any evidence, the issue is not whether the (non-moving) party will ultimately prevail or is likely to prevail, but is whether the (non-moving) party is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The New Hampshire Supreme Court in *Monge v. Beebe Rubber Co.*, 114 N.H. 130, 316 A.2d 549 (1974) tackled the issue of wrongful termination of an employment at will which deviated from what was considered up to then the prevailing law. In commenting on this at pages 132 and 133, 316 A.2d 549, the court stated the the following quite emphatically.

Plaintiff sued for breach of an employment contract for an indefinite period of time. The employer has long ruled the workplace with an iron hand by reason of the prevailing common-law rule that such a hiring is presumed to be at will and terminable at any time by either party. 53 Am.Jur.2d *Master and Servant* § 43 (1970); 9 S. Willison, Contracts § 1017 (W. Jaeger ed. 1967); Restatement (Second) Agency § 442 (1958); *see Blumrosen Seniority and Equal Employment*, 23 Rutgers L.Rev. 270 (1969). When asked to reexamine the long-standing common-law rule of property based on an ancient feudal system which fostered in a tenancy at will a relationship heavily weighted in favor of the landlord, this court did not hesitate to modify that rule to conform to modern circumstances. *Kline v. Burns*, 111 N.H. 87, 90, 276 A.2d 248, 250 (1971); *Sargent v. Ross*, 113 N.H. 388, 308 A.2d 528 (1973).

The law governing the relations between employer and employee has similarly evolved over the years to reflect changing legal, social and economic conditions. 3A A. Corbin, Contracts § 674, at 205, 206 (1960). In this area "[w]e are in the midst of a period in which the pot boils the hardest and the process of change the fastest." *Id.* Although many of these changes have resulted from the activity and influence of labor unions, the courts cannot ignore the new climate prevailing generally in the relationship of employer and employee. See Comment, Contracts—Termination of Employment at Will—Public Policy May Modify Employer's Right to Discharge, 14 Rutgers L.Rev. 624 (1960); Blumrosen, Employee Discipline, 18 Rutgers L.Rev. 428, 431–33 (1964).

In all employment contracts, whether at will or for a definite term, the employer's interest in running his business as he sees fit must be balanced against the interest of the employee in maintaining his employment, and the public's interest in maintaining a proper balance between the two. See note, California's Controls On Employer Abuse of Employee Rights,

22 Stanford L.Rev. 1015 (1970). We hold that a termination by the employer of a contract of employment at will which is motivated by bad faith or malice or based on retaliation is not in the best interest of the economic system or the public good and constitutes a breach of the employment contract. *Frampton v. Central Indiana Gas Co.* [260 Ind. 249], 297 N.E.2d 425 (Ind.1973); see *Petermann v. Teamsters Local 396*, 174 Cal. App.2d 184, 189, 344 P.2d 25, 27 (1959); Blades, *Employment At Will v. Individual Freedom:* On Limiting the Abusive Exercise of Employer Power, 67 Colum. L.Rev. 1404, 1418 (1967); Such a rule affords the employee a certain stability of employment and does not interfere with the employer's normal exercise of his right to discharge, which is necessary to permit him to operate his business efficiently and profitably.

The sole question on appeal is whether there was sufficient evidence to support the jury's finding that defendant, through its agents, acted maliciously in terminating plaintiff's employment. It is the function of the jury to resolve conflicts in the testimony, *Kilfoyle v. Malatesta*, 101 N.H. 473, 475, 147 A.2d 111, 113 (1958); and the law is settled that a jury verdict will not be disturbed on appeal if there is evidence to support it. See *O'Brien v. Public Service Co.*, 95 N.H. 79, 58 A.2d 507 (1948); *Benoit v. Perkins*, 79 N.H. 11, 104 A. 254 (1918).

In *Howard v. Dorr Woolen Co.*, 120 N.H. 295, 414 A.2d 1273 (1980) the court stated,

[W]e construe *Monge* to apply only to a situation where an employee is discharged because he performed an act that public policy would encourage, or refused to do that which public policy would condemn. See, e.g., *Ness* [*Nees* ] *v. Hocks*, 272 Ore. 210, 536 P.2d 512 (1975) (employee discharged for accepting jury duty);

As recently as June, 1984 the New Hampshire Supreme Court in *Bergeron v. Travelers Ins. Co.*, 125 N.H. 107, 480 A.2d

42 commented that the language in *Howard v. Dorr Woolen Co.* clarified and construed *Monge*. It did not create a new rule of law or significantly depart from *Monge*.

*Mellitt v. Schrafft Candy Co.*, 115 LRRM 4195, 4198 (D.N.H.1981) was cited in defendant's motion to dismiss.

This involved a firing of an employee because of an argument about a proposed merger of the defendant company and another company. The court stated.

The right of an employer to discharge an at-will employee in order to promote the best interests of his business is undisturbed by New Hampshire law, *Monge v. Beebe Rubber*, supra [114 N.H.] at 122, 316 A.2d at 552, absent a showing that the discharge implicates a question of public policy. *Cloutier*, supra. The factual dispute herein centers on the question of misconduct, but misconduct is not the salient issue. An employer is at liberty to determine that the continued employment of an individual who has expressed a sincere and good faith disagreement with a company policy is not in the best interests of his or her business. Under the circumstances, it is not the province of the Court to examine the wisdom of the employer's business practices. In some cases such a discharge may be harsh or unfair, but unless there is a sufficient showing to support a factual finding that the management decision in question is contrary to a statutory or non-statutory public policy, a discharge for business reasons is not actionable. See, *Cloutier*, supra, slip op. at 6–8.

At best, there are facts in dispute which could support a finding that plaintiff was discharged without good cause. These facts do not sustain a cause of action under New Hampshire law, however. Accordingly, the Court finds and rules that there are no material facts in dispute and that defendant is entitled to summary judgment as a matter of law.

*Mellitt*, 115 LRRM 4198.

The factual situation in this case is different from *Mellitt*. In this case, the plain-

tiff is being penalized because he took steps to insure a right guaranteed by the New Hampshire Constitution, Part I, Article 14 which guarantees every citizen,

a certain remedy, by having recourse to the laws, for all injuries he may receive in his person, property, or character: to obtain right and justice freely, without being obliged to purchase it: completely, and without any denial; promptly, and without delay; conformably to the laws.

*Estabrook Adm'x v. American Hoist & Derrick, Inc.*, 498 A.2d 741, 746 (N.H. 1985).

A tort had allegedly been committed against his minor son for whom he had the responsibility of nurturing and protecting. In attempting to exercise that right due to the fortuitous circumstances of involving Gerald Fenner, his supervisor, he was fired.

The plaintiff apparently was retaliated against by the defendant through its agent. The letter of representation was mailed on February 27, 1985. Presumably, it took at least one day for it to be delivered. It appears that the defendant acted with celerity as the plaintiff was fired on March 1, 1985 evidently on the day that Fenner received the letter.

Motion to dismiss is denied.