Hillsborough
No. 86-534

MARION KERR

v.

RAYMOND ALLARD

December 31, 1987

*Finbury, Sullivan & Lindauer*, of Haverhill, Massachusetts (*John C. Sullivan* on the brief), by brief for the plaintiff.

*McDonough & O'Shaughnessy P.A.*, of Manchester (*William A. Grimes* on the brief), by brief for the defendant.

SOUTER, J. The plaintiff seeks a new trial on damages, because the Superior Court (*Pappagianis*, J.) refused to allow plaintiff's counsel to comment on the defendant's failure to offer the testimony of a doctor whose deposition had been videotaped. We affirm.

The plaintiff, Marion Kerr, injured her knee when she fell in an icy parking lot owned by the defendant, Raymond Allard, who was responsible for its maintenance. On the issue of damages, expert opinion evidence was crucial in determining the extent to which the injury resulted from the fall rather than from a prior tobogganing accident.

Prior to jury arguments, the court denied a request from plaintiff's counsel for leave to comment that the defendant had failed to call one Dr. Kilgus, who had examined the plaintiff at the defendant's request, and whose deposition had been videotaped. The plaintiff was dissatisfied with the jury verdict of $35,000 and brought this appeal to challenge the court's refusal to allow comment on Dr. Kilgus's absence.

The New Hampshire Reports are replete with cases sustaining rulings that either party in a case may comment on an opponent's failure to call a witness, when the record indicates that the witness could have given relevant testimony and was apparently in the jurisdiction and available to call. *See, e.g., Beardsell v. School*, 89 N.H. 459, 462–63, 200 A. 783, 786 (1938); *Brito v. Company*, 79 N.H. 163, 164, 106 A. 224, 225 (1919). The rule is no different when the case raises medical issues and the putative witness is a

physician. *See Lee v. Hustis,* 79 N.H. 434, 436, 111 A. 627, 628 (1920).

Our espousal of the rule has not been immoderate, however. While we have not required a commenting party to demonstrate that his opponent enjoyed heightened access to the witness, *Baker v. Salvation Army,* 91 N.H. 1, 5, 12 A.2d 514, 516–17 (1940), neither have we elevated the opportunity to comment with the court's permission into a right to comment unfettered by the court's discretion to forbid it, *see, e.g., Amundsen v. Company,* 96 N.H. 85, 88, 70 A.2d 486, 487–88 (1950); N.H. R. Ev. 104(a). We have, on the contrary, called for vigilance against allowing abuse of what is only a discretionary opportunity, *Abel v. Yoken,* 104 N.H. 119, 124, 179 A.2d 456, 459–60 (1962), for fear that the focus of a trial could otherwise be diverted "to collateral questions," *Amundsen v. Company supra.*

The instant case illustrates a further reason for sensitivity to potential abuse. The overriding theory justifying the sort of comment in question is that a party may advert to conduct of an opponent that suggests he lacks confidence in his case, *Abel v. Yoken supra,* and thus may argue that an opponent failed to call an apparently available witness because he had reason to fear that the witness would have testified unfavorably to him, *Woodman v. Peck,* 90 N.H. 292, 294, 7 A.2d 251, 253–54 (1939). However reasonable such an argument may be, it is important to recognize that its conclusion may be wrong in fact, and when a trial judge can conveniently test the soundness of that conclusion it is entirely proper that he do so before allowing the argument.

If, for example, the party against whom the argument would be directed can expeditiously show that the absent witness would not have testified unfavorably to him, his opponent's comment on the witness's absence would be misleading and unfair. And, if, as in this case, an existing deposition would reveal the probable substance of the witness's testimony, the trial judge may properly forbid comment on the witness's absence unless the party wishing to make the comment proffers a portion of the deposition indicating that the witness probably would have been unfavorable to the other side.

The record before us gives no indication that the plaintiff sought to apprise the court of the content of Dr. Kilgus's deposition and, hence, the substance of his probable testimony. Since the plaintiff thus apparently failed to avail himself of the opportunity to show that his proposed comment on the doctor's absence would

carry a sound inference, the trial judge did not err in forbidding the comment.

*Affirmed.*

All concurred.