Rockingham, }
May 5, 1914. }

## GEORGE H. BECKLEY v. HARRISON ALEXANDER.

Where a motion is made to discharge a jury because of a conversation between the defendant and one of the panel, the facts that neither party charged with misconduct was aware of the other's identity and that their conversation had no reference to the litigation authorizes a denial of the motion on the ground that the occurrence complained of did not render the trial unfair.

In such case, the testimony of the juror involved is admissible to show the conversation upon which the objection was based.

In an action for injuries resulting from a collision between the plaintiff's carriage and the defendant's automobile, evidence that just prior to the accident the parties had a conference upon business matters which would naturally disturb the plaintiff is competent as bearing upon the question of his care.

A general verdict for the defendant is not set aside because of error in the admission of evidence relating to damages only, unless it appears that the plaintiff was thereby prejudiced on the issue of liability.

The exclusion of experimental evidence, on the ground of material difference between the conditions under which the experiment was made and those existing at the time of the occurrence in dispute, is a matter within the discretion of the trial court.

It is within the limits of legitimate advocacy for counsel to state as matter of fact an inference which may fairly be drawn from the evidence.

Whether a jury shall be required to return with a general verdict answers to specific questions is a matter of expediency determinable by the trial court.

CASE, for negligence. Trial by jury and verdict for the defendant. Transferred from the October term, 1913, of the superior court by *Pike*, C. J.

The plaintiff was injured on November 2, 1912, in consequence of a collision between the carriage in which he was riding and the defendant's automobile driven by his chauffeur. The jury had a view of the premises where the accident occurred. Upon their return the plaintiff moved that the jury be discharged because of a conversation between the defendant and one of his counsel and the foreman of the jury, while they were riding in a smoking car on the way to the view. The court thereupon inquired into the matter, taking the statements of the defendant's counsel and the foreman, and found that the defendant and his counsel did not know they were talking to a juryman, that the juryman did not know they were connected with the case on trial, that the case was not mentioned in the conversation, and that the trial was not

rendered unfair. The court denied the plaintiff's motion. To the conclusion of the court upon this matter the plaintiff excepted.

Just before the accident the plaintiff called upon the defendant in regard to a note and mortgage which the latter held against the former. Subject to exception, the defendant was asked what the talk was between them and testified that the plaintiff said he could not take up the note and did not know what he could do.

In order to rebut the plaintiff's testimony on the question of damage that his earning capacity was large, the defendant was permitted, subject to exception, to introduce evidence that the plaintiff had not paid his taxes on his homestead for several years.

The plaintiff offered to show that one Barker had experimented with his automobile at the place of the accident and could stop his machine running at a given speed in a shorter distance than the defendant's chauffeur did. The evidence was excluded upon the ground that the conditions at the time of the experiment were not the same as at the time of the accident, and the plaintiff excepted. He also excepted to remarks made by the defendant's counsel in his argument to the jury and to the submission by the court to the jury of specific questions to which they were required to return answers.

*John O'Neill*, for the plaintiff.

*John G. Crawford, Page, Bartlett & Mitchell*, and *Ernest L. Guptill (Mr. Crawford* orally), for the defendant.

WALKER, J. 1. Upon the plaintiff's motion to discharge the jury on account of alleged improper conduct on the part of the defendant and the foreman of the jury while they were going to take a view, an investigation was had by the presiding justice, and he found as a fact that the trial was not rendered unfair by what occurred. The plaintiff's exception to this finding presents the question whether it conclusively appears that the trial was an unfair one on account of the conversation between the juryman and the defendant and his counsel. The plaintiff took no exception to the method of procedure adopted by the court in its investigation and cannot now complain of it; nor can he take advantage of the fact that the court did not interrogate witnesses whom the plaintiff might have offered, but did not. The examination conducted by the court was apparently satisfactory to the plaintiff until the court's conclusion was

announced, to which he took an exception.  The facts, that the
defendant and his counsel did not know they were talking with a
juryman, that the juryman did not know they were interested in
the case, and that the conversation had no reference whatever to
the case, but consisted of general talk upon other subjects, fully
authorized the court in finding that all the parties acted in good
faith and that the trial was not rendered unfair in consequence of
the conversation.  The opposite conclusion seems to have little,
if anything, to support it.  The testimony of the juryman as to
what was said was not only competent, but sufficient to justify the
finding.  *Maxfield* v. *Pittsfield*, 67 N. H. 104.  In *State* v. *Danforth*,
73 N. H. 215, 221, it is said: "The ruling of the court refusing to
hear evidence as to the alleged misconduct of the state's counsel,
upon the ground that the act (if it occurred) was not prejudicial to
the respondent, if understood as a ruling of law, was without error;
while if the holding was intended as a finding of fact that the trial
was not rendered unfair, such finding is decisive."  The talk in
question was not prejudicial to the plaintiff, either as a matter of
law or as a matter of fact.  It had no tendency to produce the
verdict.  *Blodgett* v. *Park*, 76 N. H. 435.  The plaintiff's motion to
discharge the jury was properly denied.

2. The evidence as to the character of the business the parties
were conversing about just prior to the accident was competent as
having some tendency to show that the plaintiff was disturbed and
disappointed because the defendant insisted upon his paying the
note, which under the circumstances he was unable to do.  It
might naturally be inferred that this disappointment caused
him to be less careful in the management of his team at the time of
the accident than he otherwise would have been.  The evidence
had some logical bearing on the question of his care and was properly
admitted.

3. As the verdict was for the defendant, the question of the
damages suffered by the plaintiff became immaterial.  So that
whether the evidence that he had not paid his taxes for some years
was legally in rebuttal of his testimony, that his earning capacity
was large, became unimportant.  Justice does not require the setting
aside of a general verdict for a defendant on account of error in
the admission of evidence relating to the damages only, unless the
evidence appears to be prejudicial to the plaintiff on the original
issue of liability.  *Wier* v. *Allen*, 51 N. H. 177; *Griffin* v. *Auburn*,
59 N. H. 286; *McBride* v. *Hutchins*, 76 N. H. 206, 213.  But if this

were not so, the fact that the plaintiff had allowed his taxes to become in arrears might tend to show that his earning capacity was not as great as he claimed it was. Circumstances might exist which would authorize its admission in a given case, upon the ground that it might be of some value to the jury in deciding the point in issue. Its admission in this case cannot be held error as a matter of law.

4. The plaintiff produced a witness to show in what time he could stop an automobile going at a given speed at the place where it was claimed the accident occurred. The exclusion of this experimental evidence, on the ground that the difference in the conditions existing at the time of the experiment and those at the time of the accident was such that the evidence would not assist the jury, presents no question of law. It was a matter peculiarly within the discretion of the court at the trial. *Canney* v. *Association*, 76 N. H. 60, 62; *Saucier* v. *Spinning Mills*, 72 N. H. 292; *Cook* v. *New Durham*, 64 N. H. 419.

5. The remarks of the defendant's counsel in argument, to the effect that the plaintiff's claim that the automobile was out of the traveled part of the road for some distance was untrue, were not objectionable. They were based upon the fact that the jury took a view, and that they would have seen tracks in the ground made by the automobile, or the plaintiff's counsel would have pointed them out, if the machine had been out of the road. The argument was legitimate.

6. Whether a jury shall be required to return with the general verdict answers to special questions is a matter of expediency for the determination of the presiding justice. If with the general verdict the jury return answers to specific questions propounded by the court, which tend to show upon what grounds the verdict was reached, an exception to the court's direction in this respect is unavailing. Such procedure may be of very great use in the promotion of justice. *Johnson* v. *Haverhill*, 35 N. H. 74, 87; *Barstow* v. *Sprague*, 40 N. H. 27; *Hearn* v. *Railroad*, 67 N. H. 320, 323; *Folsom* v. *Railroad*, 68 N. H. 178. No valid objection to the specific questions submitted to the jury in this case is apparent. The court found that it was "expedient that the jury should answer these questions specially." That finding upon the facts reported is conclusive.

*Exceptions overruled.*

All concurred.