Hillsborough,
June 5, 1934.

MARSHALL P. CLARK *v.* BOSTON & MAINE RAILROAD.

*Lucier & Dowd* (*Mr. Lucier* orally), for the plaintiff.

*Warren, Wilson, McLaughlin & Bingham* (*Mr. Bingham* orally), for the defendant.

WOODBURY, J.   The plaintiff, an adult in full possession of all his faculties, entered upon the defendant's property at Nashua with the design of crossing its right of way from west to east at the Nashua station.   At that point the defendant's main line runs north and south and is double tracked, the westerly rails being used for southbound, and the easterly for northbound traffic.   At the time of the accident, May 26, 1931, about quarter of seven in the morning, there was a freight train going north on the easterly tracks.   The plaintiff looked north as he entered upon the westerly or southbound tracks, saw no train approaching, and proceeded to the vicinity of the easterly rail of those tracks where he stood watching the freight for a period of time estimated as from three to five minutes.   He was somewhat familiar with the movement of trains at that time and place.   He knew that a southbound train came in over the westerly tracks at about that time in the morning, but he did not look for it while he stood in its path, believing that it had passed, and that in any event he was in a place of safety.   In fact the train was late and he was not in a place of safety, though he could have put himself in a place of undoubted security by moving a few feet in either direction off the rails.   While he stood looking at the passing freight he was struck by the locomotive of the southbound train and received the injuries of which he complains.

It was assumed at the trial, and the jury were instructed that they might take it as established, that the plaintiff was guilty of negligence in standing as he did in the path of southbound traffic when nothing

prevented his stepping aside to a place of absolute safety. This was correct. *Morris* v. *Railroad*, 85 N. H. 265, 269, 270. The case was, however, submitted to the jury under the doctrine of the last clear chance, which is one of the errors assigned by the defendant.

To raise the issue of liability under the rule of the last clear chance, as that rule has been developed in this state, there must be evidence from which the jury might find the following facts. 1. That the one to be charged with liability was actually aware of the other's presence. 2. That he was actually aware that the other was either ignorant of the peril or unable to extricate himself from it. 3. That, after discovery of the situation, due care required and time afforded an opportunity for saving action.

In some states actual knowledge of the other's presence is not required, the rule being applicable if the other's presence ought to be observed. *Small* v. *Railroad*, 85 N. H. 330; *Barnes* v. *Ashworth*, 154 Va. 218. The rule here is otherwise. The one to be charged must have actual knowledge. *Parkinson* v. *Railway*, 71 N. H. 28; *Bursiel* v. *Railroad*, 82 N. H. 363; *Morris* v. *Railroad, supra.*

Similarly, there must in this state be actual knowledge on the part of the one to be charged that the other is either unaware of, or unable to extricate himself from the peril to which he is exposed. There are some authorities in this state, however, which indicate that one having actual knowledge of the other's presence may be charged under the rule if he ought to appreciate that the other is ignorant of the peril or unable to escape from it. *Gahagan* v. *Railroad*, 70 N. H. 441; *Waldron* v. *Railroad*, 71 N. H. 362; *Cavanaugh* v. *Railroad*, 76 N. H. 68; *Morris* v. *Railroad, supra.* These cases are not to be taken as expressing the present state of the law on this point.

In *Lee* v. *Hustis*, 79 N. H. 434; *Jones* v. *Railroad*, 83 N. H. 73, 81; *Stocker* v. *Railroad*, 83 N. H. 401, 403; and *LaPolice* v. *Austin*, 85 N. H. 244, 245, the doctrine of the last clear chance is said to be based upon the superior knowledge of the one to be charged. This is the proper basis for the rule. If "the last chance must be a clear one," (*Morrison* v. *Railroad*, 86 N. H. 176, 180) and if "the doctrine means precisely what its judicial designation implies—that there must be a *clear opportunity* to avoid the accident by the exercise of ordinary care", (*Lawrence* v. *Goodwill*, 44 Cal. App. 440, 450, cited in *Ramsdell* v. *Company*, 86 N. H. 457) then, in order that there be a real opportunity to avoid the accident there must be real knowledge, and presumed knowledge is not its equivalent. Consequently, one may not be charged with the last opportunity of avoiding an accident, whether

he be plaintiff or defendant, unless it can be found that he in fact knew of the other's presence and also in fact knew of the other's oblivion of the danger or inability to escape from it. Lack of actual knowledge on either point due to negligence is not the equivalent of knowledge in fact. *Lee* v. *Hustis, supra.*

It does not necessarily follow from the foregoing, however, that a finding of actual knowledge must be based upon testimony to that effect given by the one to be charged. The circumstances, as disclosed by the evidence, may be such that the jury would be warranted in disregarding direct testimony of lack of actual knowledge, and find, in spite of that testimony, that the one to be charged did, in actual fact, have knowledge of the other's presence and of the latter's want of appreciation of the impending peril.

To bring himself within the rule of the last clear chance the plaintiff relies upon the testimony of the defendant's fireman, and upon that of his own expert, skilled in the operation of locomotives. The fireman's testimony may fairly be taken to establish that as the main line tracks approach the Nashua station from the north they curve to the left. Due to this curve in the track and to the engineer's position on the right side of the cab, his vision of the tracks ahead was impeded by the boiler of the locomotive. Under these conditions it was the duty of the fireman to keep a lookout ahead which he was doing just prior to the accident. While keeping his watch and when the front of the locomotive was about at the south side of Bridge street, a public highway in Nashua which crosses the defendant's tracks north of the station and about two hundred and forty feet north of the point of collision, he saw the plaintiff standing in the path of the train, with his attention absorbed by the passing freight. Immediately upon seeing the plaintiff the fireman, thinking that the plaintiff did not see the approaching train, called to the engineer, "Stop, man on the track, whistle." The train was not stopped, however, until it had passed the point of contact. The plaintiff's expert testified that under the conditions disclosed by the evidence the train could have been brought to a stop in from thirty to fifty feet after the warning was given. From this evidence it was competent for the jury to find liability under the rule of the last clear chance.

The defendant, in addition to denying that the last clear chance applies to it, asserts that the last chance to avoid the accident rested with the plaintiff and assigns two reasons therefor. First, that the evidence shows that the train could not be stopped after it was within

fifty feet of the plaintiff, but that the plaintiff, having only his own locomotion to control, could, had he used due care to inform himself of the situation, have stepped from the path of the train after it was within fifty feet of him and so avoided the collision. And, second, that the uncontradicted evidence shows that the locomotive bell was ringing and whistle blowing as the train approached the plaintiff and that, therefore, it cannot be doubted that the plaintiff did, in fact, know of its approach.

The first contention is without merit. The rule of the last clear chance does not apply until the one to be charged under that rule is actually aware of the other's presence. The rule will not be invoked against one who negligently fails to discover the other; it will only be invoked when he does actually discover the other. *Bursiel* v. *Railroad, supra; Morris* v. *Railroad, supra;* and cases cited on *p.* 270.

The defendant's second contention is also without merit. The evidence of the ringing of the bell and of the sounding of the whistle is persuasive that the plaintiff must have been actually warned of the approach of the southbound train. Equally persuasive that he did not actually know of its approach is the testimony of the fireman that the plaintiff did not move at all from the time he first saw the plaintiff until the impact. · The plaintiff's testimony that as a result of his injuries his memory of events at the time of the accident was destroyed does not serve either to prove or to disprove his actual knowledge. If the plaintiff was actually aware of the approach of the train after it could not be stopped but in season for him to have stepped from its path, and negligently failed to do so, he is to be charged with concurrent negligence or with the last chance of averting the accident and he cannot recover. If he did not have actual knowledge of the oncoming train, even though this lack of knowledge on his part was due to his own negligence, he is not to be charged under the rule of the last clear chance, and may recover if the defendant was liable under the rules governing the application of the doctrine of the last clear chance as above set forth. It is a question of fact for the jury whether or not the plaintiff did in fact have actual, seasonable knowledge of the train's approach. The defendant's motions for a nonsuit and a directed verdict were properly denied.

The charge of the court proceeds upon the theory that the plaintiff was conclusively shown to have been negligent in placing himself as he did upon the track, oblivious of the approaching train. This was correct. But the charge further assumes that the plaintiff's state of oblivion continued up to the moment of impact, or at least

until it was too late for him to have stepped aside. This was error. Whether or not the plaintiff was in fact actually aware of the train's approach was an issue of fact which should have been submitted to the jury.

The jury were also instructed that what happened prior to the time the fireman discovered the plaintiff's presence was immaterial, thus excluding from their consideration the fact that the statutory crossing whistle for the Bridge street crossing was sounded, that the bell was set in motion and the train's speed decreased before the plaintiff came into view. This evidence has some bearing upon the issue of the plaintiff's actual knowledge of the oncoming train and should have been submitted on that issue.

In view of the discussion relative to the defendant's motions the other exceptions to the charge are not likely to arise at the next trial and do not here require mention.

*New trial.*

All concurred.