Hillsborough,
Feb. 2, 1937.

### Ezra H. LaCoss v. National Casket Co.

### Same v. Daniel J. Toland.

*Aloysius J. Connor* (by brief and orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wadleigh* orally), for the defendants.

Marble, J. During the oral arguments in this court the plaintiff waived his exception to the granting of the motion for a nonsuit in the case against the casket company, so that the only question presented is whether the evidence warranted the submission of the Toland case to the jury under the doctrine of the last clear chance.

South Willow Street at the point where the accident occurred is constructed of cement and extends eastward from Manchester toward Derry. South Road, a gravel highway, enters it on a down grade from the south and connects with Corning Road, which extends northward. At the time of the collision the plaintiff was driving from South Road across South Willow Street, intending to enter Corning Road. The defendant was proceeding eastward toward Derry.

The defendant testified that he was traveling in the center of the right-hand lane of cement at a speed of twenty-five or thirty miles an hour, and at that speed he could not have stopped his car in less than fifty feet. He described the accident as follows: "As I was proceeding to Boston, to old South Road, a car passed me about one hundred feet from this old South Road. As that car passed me, I looked at this intersection; there was nothing there, and I looked straight ahead; and, as soon as I got out, I should judge, about fifteen or twenty feet from old South Road, this car shot out in front of me; I reached for my hand brake; I put my emergency on; and tried to turn to the right of him and avoid hitting him, but I got in collision with him and somehow or other my car shot to the left of the road, and his car went down further, toward the ditch; that is all I could see."

It is obvious that if this version of the accident is true, the defendant could not be held liable under the rule in question since, after discovering the plaintiff's car, he had no clear opportunity for saving action. *Clark* v. *Railroad*, 87 N. H. 36, 38; *Ramsdell* v. *Company*, 86 N. H. 457, 462, and cases cited.

The plaintiff testified that he stopped at the sign which was installed at the junction of South Road and South Willow Street and remained there two or three minutes for the traffic to pass. He could see to the left up South Willow Street for a distance of two hundred feet. His description of the accident is as follows: "Well, I looked to my right and to my left, and there seemed to be no traffic; it seemed to be all gone, so I went on; shifted to low and then to second, and crossed over . . . . When I got pretty near across there, . . . my daughter said, 'There is a car coming and I think he is going to hit us,' and that is all I remember."

Plaintiff's counsel contends that since the defendant admits that he was looking at the intersection when a hundred feet away, it could be found that he saw the plaintiff there in ample season to have averted the collision. That much may be conceded, but it does not follow that there was anything in the plaintiff's conduct on which to base the further (and essential) finding of actual knowledge on the defendant's part that the plaintiff "was either ignorant of the peril or unable to extricate himself from it." *Clark* v. *Railroad*, 87 N. H. 36, 38.

On the contrary, the plaintiff himself states that when he started his car he "kept looking back and forth . . . watching." If this statement is true, and the defendant saw him as he entered the intersec-

tion, his conduct must then have indicated alertness rather than inattention. Nor did his progress across the intersection, slow though it may have been, signify helplessness or hesitancy. His advance was steady, accompanied by the usual shifting of gears, and was equally consistent with passage across the street or with a half turn to the left and a continuance of his journey toward Manchester.

On the issue of the last clear chance the plaintiff had the burden of proof. *Clark* v. *Railroad*, 87 N. H. 434. His request for the submission of that issue to the jury was properly denied.

*Judgments for the defendants.*

PAGE, J., was absent the others concurred.