Hillsborough, } No. 3777.
Jan. 5, 1949. }

ELAINE GLIDDEN, *by her mother and next friend* PRISCILLA GLIDDEN

*v.*

LOUIS SZYBIAK, LOUISE SZYBIAK AND JANE SZYBIAK.

HAROLD GLIDDEN *v.* SAME.

*Philip J. Biron*, for the plaintiffs, filed no brief.

*McLane, Davis, Carleton & Graf* (*Mr. Stanley M. Brown* orally), for the defendants.

BRANCH, C. J.   The statute under which these actions were brought reads as follows: "23. LIABILITY OF OWNER.   Any person to whom or to whose property damage may be occasioned by a dog not owned or

kept by him shall be entitled to recover such damage of the person who owns or keeps the dog, or has it in possession, unless the damage was occasioned to him while he was in the commission of a trespass or other tort."

It is the contention of the defendants that the plaintiff Elaine was engaged in the commission of a trespass at the time of her injury and is, therefore, barred from recovery under the statute. The law in regard to a trespass to chattels is thus summarized in the Restatement of the Law of Torts, s. 218: "One who without consensual or other privilege to do so, uses or otherwise intentionally intermeddles with a chattel which is in the possession of another is liable for a trespass to such person if, but only if, (a) the chattel is impaired as to its condition, quality or value, or (b) the possessor is deprived of the use of the chattel for a substantial time, or (c) bodily harm is thereby caused to the possessor or harm is caused to some person or thing in which the possessor has a legally protected interest." In comment (f) to clauses (a) and (b), it is pointed out that "the interest of a possessor of a chattel in its inviolability, unlike the similar interest of a possessor of land, is not given legal protection by an action for nominal damages for harmless intermeddlings with the chattel. . . . Sufficient legal protection of the possessor's interest in the mere inviolability of his chattel is afforded by his privilege to use reasonable force to protect his possession against even harmless interference."

No claim was advanced at the trial that the dog Toby was in any way injured by the conduct of the plaintiff Elaine. Consequently she could not be held liable for a trespass to the dog. Consequently her conduct did not constitute a trespass which will prevent her recovery under the statute here invoked.

The finding that "Tobey was in possession of the defendant, Louis, within the meaning of the statute" must be set aside. The evidence was uncontradicted that the dog belonged to the defendant Jane, who testified as follows: "Q. Did your father object to having Toby in the house? A. Yes, he did. Q. Could he have thrown Toby out of the house? . . . A. I suppose so. Q. Did he do it? A. No, he didn't. Q. So he allowed Toby to live there? A. He told me I would be fully responsible for the dog, take care of him." The evidence was also uncontradicted that Jane took care of the dog when she left for work in the morning and that thereafter he was in the care of her mother and that the defendant Louis had nothing whatever to do with the care of the dog. Under these circumstances it must be held that the defendant Louis was not the possessor of the dog Toby and therefore

as to him the motion for judgment at the close of the evidence should have been granted. "Possession" as used in the statute implies the exercise of care, custody or control of the dog by one who though not the owner assumes to act in his stead. Here the actual care, custody and control of the dog was in the owner Jane Szybiak, who was of adult age, and she alone was responsible for the conduct of the animal. The statute furnishes no justification for imposing liability on the defendant Louis.

> *Judgment on the verdict against the defendant Jane.*
> *Judgment for the defendant Louis.*

In the judgment against the defendant Jane, all concurred. In the judgment for the defendant Louis, DUNCAN, J., concurred in the result: the others concurred.