Cheshire,
Feb. 7, 1950.  } No. 3878.

JAMES S. HAMLIN *v.* ROY E. ROUNDY.

*John H. Sanders* and *Walter H. Gentsch* (*Mr. Sanders* orally), for the plaintiff.

*Philip H. Faulkner, N. Michael Plaut* and *George R. Hanna* (*Mr Hanna* orally), for the defendant.

KENISON, J. The single issue in this case is whether the evidence is such that the doctrine of the last clear chance can be properly invoked. The circumstances under which the last clear chance doctrine is applicable are correctly stated in the plaintiff's brief: "To warrant the submission of this issue 'there must be evidence from which the jury might find the following facts. 1. That the one to be charged with liability was actually aware of the other's presence. 2. That he was actually aware that the other was either ignorant of the peril or unable to extricate himself from it. 3. That, after discovery of the situation, due care required and time afforded an opportunity for saving action.' *Clark* v. *Railroad*, 87 N. H. 36, 38. However, a 'finding of actual knowledge (need not) be based upon testimony to that effect given by the one to be charged. The circumstances may be such that the jury would be warranted in disregarding direct testimony of lack of actual knowledge, and find, in spite of that testimony, that the one to be charged did, in actual fact, have knowledge

of the other's presence and of the latter's want of appreciation of the impending peril.' *Clark* v. *Railroad*, 88 N. H. at 39."

If the defendant's evidence is disregarded and all of the evidence is construed most favorably to the plaintiff, there remains the question whether the plaintiff has sustained his burden of proof on the issue of last clear chance. Anno. 159 A. L. R. 724. Plaintiff's own testimony is more indicative of defendant's negligence than it is that the defendant had the last clear chance. Plaintiff testified that the defendant was proceeding 35 to 40 miles an hour when 50 feet from the intersection, that there was no change in defendant's speed, course or direction until the collision, that there were no brake marks and that the "whole front end" of the defendant's car struck the plaintiff's car. This conduct on the part of the defendant is evidence of inattention, failure to look, failure to see what an efficient look would disclose and generally of negligence but it is not sufficient proof that the defendant knew that the plaintiff was in a dangerous position of which he was ignorant or from which he could not escape. Plaintiff's testimony was proof of a discoverable peril rather than a discovered peril which under our decisions is not sufficient basis upon which to submit the last clear chance doctrine to the jury. *LaCoss* v. *Company*, 88 N. H. 403. While this view creates "difficulties in the way of plaintiff's satisfying the doctrine" (1944 Annual Survey of American Law 958), it is established law in this jurisdiction that "it is not a question whether the party sought to be charged should have discovered the injured party's dilemma but whether he in fact did." *Gates* v. *Railroad*, 93 N. H. 179, 183.

Emphasis is placed on other evidence to meet the burden of proof in this case. When 150 feet north of the intersection the defendant could see the plaintiff's automobile when it was 35 feet east of the intersection. This, together with the fact that the defendant was maintaining a general lookout and that he slackened his speed and applied his brakes at 150 feet and 60 feet from the intersection, is said to sustain the plaintiff's burden of proof. Conceding that the jury could find that the defendant saw the plaintiff, there is no evidence in the case to support the second requirement of the last clear chance doctrine that the defendant knew the plaintiff "was then oblivious to his danger or was unable to do anything to avoid it." *Marchand* v. *Company*, 95 N. H. 422, 427. This evidence which was present in *Mack* v. *Hoyt*, 94 N. H. 492, 495, is absent here. Furthermore "the last chance must be a clear chance" (*Lavigne* v. *Nelson*, 91 N. H. 304, 309) and "there must be a *clear opportunity* to avoid the accident." *Ramsdell* v. *Company*, 86 N. H. 457, 462; *Mack* v. *Hoyt, supra.*

The ruling in a somewhat similar intersectional collision in *LaCoss* v. *Company*, 88 N. H. 403, 404, is applicable to this case. "Plaintiff's counsel contends that since the defendant admits that he was looking at the intersection when a hundred feet away, it could be found that he saw the plaintiff there in ample season to have averted the collision. That much may be conceded, but it does not follow that there was anything in the plaintiff's conduct on which to base the further (and essential) finding of actual knowledge on the defendant's part that the plaintiff 'was either ignorant of the peril or unable to extricate himself from it.' "

The request for the submission of the issue of the last clear chance to the jury was properly denied.

*Judgment for the defendant.*

All concurred.