Hillsborough, ⎱ No. 4194.
Apr. 7, 1953. ⎰

CHARLES J. LINCOLN, *Adm'r v.* JULIAN M. TARBELL.

154

■

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Langdell orally),* for the plaintiff.

*Sheehan, Phinney & Bass (Mr. Sheehan orally),* for the defendant.

KENISON, C. J. In support of the motions for a nonsuit and a directed verdict it is argued that there is no evidence of the defendant's negligence since the defendant maintained a proper lookout, traveled at a reasonable speed, sounded his horn and made an effort to avoid the accident. The jury was not required to find such conduct to be as careful and reasonable as the defendant said it was (*Owen* v. *Dubois,* 95 N.H. 444) but if they did, it would not preclude a finding of negligence in other respects. *O'Brien* v. *Public Service Company,* 95 N.H. 79. The defendant made no attempt to reduce his speed or apply his brakes, even slightly, although it was apparent that the plaintiff was continuing on a straight course across the highway. Whether this conduct was negligent was properly submitted to the jury. *Martin* v. *Kelley,* 97 N.H. 466. Insofar as the defendant's negligence is concerned the motions were properly denied. *Colburn* v. *Normand,* 96 N.H. 250.

There was evidence of the plaintiff's contributory negligence in not looking, seeing or being aware of the defendant's approaching automobile. The record shows that (1) the defendant was actually aware of plaintiff's intention to cross the road, (2) the defendant was actually aware that the plaintiff was ignorant of his peril. Finally the jury could find that (3) due care required and time afforded an opportunity for saving action by the defendant after discovery of the situation. Thus the three essential elements of the last clear chance doctrine were present. *Clark* v. *Railroad,* 87 N. H. 36, 38. *Hamlin* v. *Roundy,* 96 N. H. 123. The "last chance doctrine is therefore available to meet the claim of his[plaintiff's] preliminary negligence in entering the danger zone as he did."*LaPolice* v. *Austin,* 85 N. H. 244, 245. The present case is unlike *Davis* v. *Lord,* 95 N. H. 237, where the pedestrian entered the highway at a point where the defendant had no reason to anticipate his approach. The denial of the

motions for a nonsuit and a directed verdict on the basis of the plaintiff's contributory negligence was proper since the jury could find the defendant liable even if the plaintiff was negligent.

Error is claimed because the Court in its charge to the jury submitted the last clear chance doctrine. Specifically it is argued that the defendant did not have time or a clear opportunity to take saving action. *Gaudette* v. *McLaughlin,* 88 N. H. 368. The jury could find that if the defendant had applied his brakes, instead of merely placing his foot on the brakes, when 140 feet from the plaintiff, the accident could have been avoided. So too the defendant could have turned his automobile to his right-hand side of the highway or continued in a straight line and likewise avoided the plaintiff. Instead the defendant continued at an "accelerated" speed to his left in the direction in which the oblivious plaintiff was proceeding. Whether the defendant had the requisite time and opportunity was for the jury. *Mack* v. *Hoyt,* 94 N. H. 492; *Frost* v. *Stevens,* 88 N. H. 164; *Martin v. Kelly,* 97 N. H. 466. There was evidence from which they could find that he did.

Defendant's request number eight asked the Court to charge the jury that the plaintiff must take precautions for his own safety and that on failure to do so, which causes or contributes to cause the accident, there should be a verdict for the defendant. The defendant was entitled to this instruction in some form (*Calley* v. *Railroad,* 93 N. H. 359) and an examination of the charge shows it was adequately covered. *Paradis* v. *Greenberg,* 97 N. H. 173. The application of the last clear chance doctrine necessarily modified the substance of the instruction to the extent that plaintiff's failure to exercise due care was not a bar to recovery if the defendant nevertheless could have avoided the accident. Request number ten related to the specific duty of the plaintiff to look for the defendant's approaching automobile. This request was denied but the jury were instructed in sufficient detail on the plaintiff's duty to exercise due care which was sufficient. *Dane* v. *MacGregor,* 94 N. H. 294; *O'Brien* v. *Public Service Company,* 95 N. H. 79, 82. The trial of the case was free from error, and the order is

*Judgment on the verdict.*

All concurred.