Laconia District Court,
No. 5844.

HENRY V. PAGE

*v.*

BRUCE M. GARD.

Argued November 7, 1968.
Decided July 30, 1969.

*Sheehan, Phinney, Bass & Green* and *Peter F. Kearns* (*Mr. Kearns* orally), for Henry V. Page.

*Nighswander, Lord & Martin* and *David J. KillKelley* (*Mr. KillKelley* orally), for Bruce M. Gard.

LAMPRON, J. Cross-actions for property damage to motor vehicles arising out of an accident in Gilmanton on February 7, 1967. Trial by the court (*Stephen S. Jewett,* special justice) resulted in a verdict for Henry V. Page as plaintiff in the amount of $270.54 in his action against Bruce M. Gard, and for Page as defendant in the action of Gard against him.

"Bruce M. Gard excepted to the verdict of the Court and after the verdict, Bruce M. Gard moved to set aside the verdict and for a new trial, which motion was denied subject to exception."

"All questions of law raised by the foregoing exceptions" were reserved and transferred.

The Court made the following findings of fact:

"On February 7, 1967, at approximately 5:30 P.M., Henry V. Page was driving out of his driveway in Gilmanton . . . and his car started to slide three to four inches out onto the highway, known as Route 107, a two-laned highway for travel of

vehicles going northerly and southerly in Gilmanton. Mr. Page observed a vehicle operated by Bruce M. Gard, which was travelling southerly on Route 107 on his left. In an attempt to get out of the way of the Gard vehicle, Mr. Page turned his vehicle to the south on Route 107. At the area where the accident occurred, Route 107 is a steep hill. Mr. Page had been living in the area and using his driveway for approximately five years prior to the time of the accident. At the time of the accident, the roads were slippery, it was dark, and it was snowing. At the time of the accident, there were high snowbanks on the sides of Route 107 at the area where the accident happened, and there was a large snowbank on Mr. Page's left side as he came to the end of his driveway. He had control over the snowbank and knew that it was there. Mr. Page did not see the Gard vehicle until he got to the end of his driveway, although he could see its lights previous to getting to the end of his driveway. Mr. Page's vehicle had snow on its windows, and his lights were on. Mr. Page did not have good tires on his vehicle, as they had become worn. If Mr. Page had been operating his vehicle at a slower speed, he would not have slid into the highway. The impact of the vehicles occurred in front of Mr. Page's driveway at a place where the Page vehicle was able to swing around in front of the Gard vehicle so that the Gard vehicle struck the Page vehicle in the rear end. The Gard vehicle went into the snowbank on the right side of Route 107 about 85 feet from the front of Mr. Page's driveway.

"Under the circumstances existing at the time of the accident, a reasonable speed of a vehicle on Route 107 should not be more than 30 miles per hour.

"Bruce M. Gard was travelling southerly on Route 107 just prior to the accident. As he approached the hill where the accident occurred, he was traveling at a speed of approximately 30 miles per hour and was attempting to climb the hill keeping his vehicle at a steady speed. Mr. Gard saw the Page vehicle when it was halfway along the driveway from Mr. Page's garage at the end of the driveway to Route 107, and Mr. Gard 'wondered' if the Page vehicle was going to stop. Mr. Gard applied his brakes and his vehicle started to skid. Mr. Gard attempted to keep his vehicle to the right and struck the Page vehicle on its right rear and 'sort of pushed it along up the hill' until Mr. Gard finally went into the snowbank on the right. Mr. Gard did not turn

to the left into the opposite lane of travel, because he felt there might be another car coming in the opposite direction on Route 107. However, there was no vehicle coming in the opposite direction on his left at the time. There was substantial damage to the front end of Mr. Gard's vehicle.

"The Court finds that Henry V. Page was negligent in the manner in which he operated his vehicle according to the foregoing findings of fact. The Court further finds that Bruce M. Gard had the last clear chance to avoid the accident, according to the foregoing findings of fact. Accordingly, the Court applies the Doctrine of Last Clear Chance and finds Bruce M. Gard solely liable for the accident."

At the trial, of which there is no transcript of the testimony, Bruce M. Gard's case was first presented and Henry V. Page was called to testify by counsel for Gard. After Gard rested his case, counsel for Page announced that since Page had already been called as a witness, there was no need for further evidence, and he rested his case. The amount of the damages to each vehicle was agreed to be $270.54 to Page's and $498.31 to Gard's.

The "doctrine of last clear chance" has a well defined meaning in this state. To be applicable, there must be evidence from which the following facts can be found: "1. That the one to be charged with liability was actually aware of the other's presence. 2. That he was actually aware that the other was either ignorant of the peril or unable to extricate himself from it. 3. That, after discovery of the situation, due care required and time afforded an opportunity for saving action." *Hamlin* v. *Roundy,* 96 N. H. 123, 124.

The court could properly find that Gard was actually aware of Page's presence. However, there is no finding that Gard knew that Page was driving with worn tires which would hamper his ability to stop his vehicle before reaching the highway. There is a finding that Page observed the Gard vehicle traveling on his left when he got to the end of his driveway although he had seen its lights previously. On the court's findings, the first time that Gard could be found to have been actually aware that Page would be unable to stop and thus extricate himself from the peril of a collision was when Gard probably saw that the Page car "started to slide three to four inches out onto the highway." The court found that "the impact of the vehicle occurred in front

of Mr. Page's driveway at a place where the Page vehicle was able to swing around in front of the Gard vehicle so that the Gard vehicle struck the Page vehicle in the rear end." A finding by the court that Gard had time and the opportunity to avoid the accident after he became aware that the Page vehicle was in peril and unable to extricate itself would be pure guess and conjecture which is not permissible. *Gates* v. *Railroad,* 93 N. H. 179, 183; *Hamlin* v. *Roundy,* 96 N. H. 123, 125.

We hold that on its findings of facts, the court could not properly find that Page had sustained his burden of proving that Gard had a clear opportunity to avoid the accident after he was actually aware that Page was unable to extricate himself from the peril of being unable to stop before reaching the highway. *Mack* v. *Hoyt,* 94 N. H. 492; *Couture* v. *Lewis,* 105 N. H. 224. The court specifically found that "Henry V. Page was negligent in the manner in which he operated his vehicle." In the absence of the applicability of the last clear chance doctrine, this constituted causal contributory negligence and the verdict for Page must be set aside and a judgment entered for the defendant Gard.

Application of the doctrine of the last clear chance presupposes a finding by the Trial Court of causal negligence on the part of Gard, therefore the verdict for defendant Page in the action of Gard against him is proper. The order is

*Judgment for defendant in both cases.*

All concurred.