Merrimack,
No. 5983.

HENRY HANSON, *Ex'r.*

*v.*

N. H. PRE-MIX CONCRETE, INC. *& a.*

July 20, 1970.

*Upton, Sanders & Upton* ( *Mr. J. Gilbert Upton* orally ) for the plaintiff.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *Robert H. Hurd* ( *Mr. Hurd* orally ), for the defendant.

LAMPRON, J.   Action by Henry Hanson, executor of the estate of Lawrence C. Hanson deceased, against N. H. Pre-Mix Concrete, Inc. and the operator of its truck, Paul G. Teas, for personal injuries and death resulting from a collision with a truck operated by the decedent on August 5, 1966 in Bow. Trial, with a view, resulted in a verdict for the plaintiff. Defendants' exceptions to

the admission and exclusion of evidence; the denial of their motions for nonsuit and directed verdict; to portions of plaintiff's argument and of the court's charge; and to the denial of their motion to set aside the verdict were reserved and transferred by *Keller,* J.

Teas was operating an empty cement mixer truck easterly on Route 13 in Bow at about 10 a.m. on a dry road on a clear and sunny day. He had travelled this road before and was aware that there were residences on either side. The Hanson house was situated on the south side of Route 13 about 300 feet east of a curve in the road. Teas who had been travelling at 35 to 40 miles per hour reduced his speed to 35 as he rounded this curve. At a point about 200 feet from the Hanson driveway, Teas saw a red pickup truck operated by the deceased "nosing out onto" the roadway and Teas lightly applied or "fluttered" his brakes. When he was 100 feet away he became aware that deceased was unaware that Teas was approaching. He lightly applied his brakes, later, "slammed on the brakes" and his truck "slued" around and the right rear of the Teas vehicle struck the left front of the Hanson truck. There was evidence that the point of impact was about 3 feet from the south edge of the 22 foot wide highway. The deceased was thrown from his truck to the pavement and died some weeks later as a result of the accident. The deceased had a restricted license requiring him to wear glasses when driving. There was evidence that he was not doing so at the time of the accident and that he did not stop moving out of his driveway as the Teas truck was approaching.

The defendants excepted to that part of the court's charge submitting to the jury the issue of the last clear chance. They maintain this doctrine was not applicable because plaintiff did not sufficiently establish that defendant had opportunity for saving action. To raise this issue under our law there must be evidence from which the following facts can be found: 1. that the one to be charged with liability was actually aware of the other's presence; 2. that he was actually aware that the other was either ignorant of the peril or unable to extricate himself from it; 3. that, after discovery of the situation, due care required and time afforded an opportunity for saving action. *Clark* v. *Railroad,* 87 N.H. 36, 38, 173 A. 368, 369; *Hamlin* v. *Roundy,* 96 N.H. 123, 124, 71 A.2d 419, 420; *Page* v. *Gard,* 109 N.H. 494, 496, 256 A.2d 503, 505.

Under the above rule presumed knowledge is insufficient and there must be a clear opportunity to avoid the accident after there is actual knowledge of the other's presence and of his oblivion to the danger. *National Transp. Co.* v. *Faltin Transp. Co.*, 109 N.H. 446, 450, 255 A.2d 606, 610; *Clark* v. *Railroad supra.* However a finding of actual knowledge need not be based upon testimony to that effect given by the one to be charged. The circumstances may be such that the jury could be warranted in disregarding direct testimony of lack of knowledge, or of actual knowledge at a certain period of time only, and find in spite of that testimony that the one to be charged did, in actual fact, have knowledge of the other's presence and of his want of appreciation of the impending peril at a time sufficient to give him a clear opportunity to avoid the accident in the exercise of ordinary care. *Hamlin* v. *Roundy,* 96 N.H. 123, 124-25, 71 A.2d 419, 420; *Lincoln* v. *Tarbell,* 98 N.H. 153, 155, 95 A.2d 778, 779.

Teas testified that he was actually aware of the deceased's presence when he was 200 feet away from the driveway out of which the deceased was proceeding. Teas further testified that when he was 100 feet from that driveway he became actually aware that the deceased was ignorant of the peril facing him. However, on Teas' testimony that he applied his brakes at 100 feet away from the point of collision and later "slammed on the brakes," coupled with evidence of a one-half to three-quarters of a second reaction time before brakes are actually applied, together with evidence that a vehicle travels in feet per second one and one half times its speed, which could have been found to be 35 miles per hour, the jury could properly find that defendant was aware of the deceased's unawareness some 125 feet away.

We turn next to whether under these circumstances defendant could be found to have had a clear opportunity to avoid the accident by the exercise of due care. Teas' truck was equipped with an air horn which "is pretty loud" and could be heard quite a distance which, however, was not blown at any time before the accident. Teas testified: "I don't make a practice of blowing the horn because you can scare people with this type of horn."

At the time there was no other traffic in the highway in either direction. The highway in front of the Hanson driveway was about 22 feet wide. It could be found that deceased's truck was approximately 3 feet into the highway at the time of collision

thus leaving the remaining 19 feet for Teas' 8 foot wide truck to go around the Hanson vehicle. There was further evidence from which it could be found that the Teas truck could be brought to a stop in a distance of 75 feet or less by an emergency application of its brakes.

We hold that there was evidence to warrant a finding by the jury that the defendant had the requisite time and opportunity for saving action and the trial court properly submitted the issue of the last clear chance. *Lincoln* v. *Tarbell,* 98 N.H. 153, 155, 95 A.2d 778, 779.

Defendants argue that the doctrine of last clear chance should be abandoned in cases of this type because it brings about inequitable and illogical results by placing a premium on negligence and imposing liability upon one whose fault may be the lesser of the two. Prosser, Law of Torts *s.* 65 ( 3d ed. 1964 ). Rare is the doctrine of legal responsibility which is free from criticism. Whether, and how, the recently adopted rule of comparative negligence ( Laws 1969, ch. 225; Laws 1970, ch. 35 ) will affect the doctrine of last clear chance and obviate some of the above criticisms remains to be seen. *See* Prosser, Law of Torts *s.* 66 ( 3d ed. 1964 ). In this framework we do not find it opportune to consider abandoning abruptly a doctrine which has been the law of this State for many years.

Defendant objected and excepted to the admission in evidence of an out-of-court experiment relating to the stopping distance of a cement mixer of the same model as the one operated by the defendant. The trial court refused to admit the testimony of a witness to the experiment but admitted that of the person who performed it. The record indicates that the court was cognizant of the need to have these experiments performed under conditions substantially similar to those of the actual happening. *Ramseyer* v. *General Motors Corporation,* 417 F.2d 859, 864 ( 8th Cir. 1969 ); *Publix Cab Co.* v. *Colorado National Bank of Denver,* 139 Colo. 205, 338 P.2d 702. Experimental evidence to show the distance in which a motor vehicle can be stopped is admissible if it meets the above similarity of conditions test. *Beckley* v. *Alexander,* 77 N.H. 255, 258, 90 A. 878, 880; Annot., 78 A.L.R.2d 218, 225. "Perfect identity between experimental and actual conditions is neither attainable nor required." *Ramseyer* v. *General Motors Corporation supra.* Dissimilarities affect the weight of the evidence not admissibility. *Id.* We cannot say on the record that the trial court abused its discretion in

admitting the evidence. *Beckley* v. *Alexander supra; Healey* v. *Bartlett,* 73 N.H. 110, 112, 59 A. 617, 619.

Defendant excepted to the admission of a bank book offered to show deceased's disposition to save. There was evidence that although retired and receiving pension income the deceased made and sold woodworkings and grew and sold vegetables on his premises before the accident. The history of deposits and withdrawals and the balance accumulated, as evidenced by the book, was admissible on the issue of his capacity to earn as an element of damages under RSA 556:12. *Gray* v. *Dieckmann,* 109 F.2d 382, 387 ( 1st Cir. 1940 ); Annot., 18 A.L.R.3d 88, 155. *See Morrell* v. *Gobeil,* 84 N.H. 150, 151, 152, 147 A. 413, 414; *Moffa* v. *Perkins Trucking Co.,* 200 F. Supp. 183 ( D. Conn. 1961 ).

*Judgment on the verdict.*

All concurred.