Rockingham,
No. 6053.

### STATE *v.* LAUREN PEVEAR.

October 30, 1970.

*Warren B. Rudman,* Attorney General, and *Henry F. Spaloss,* Assistant Attorney General, for the State.

*Myron D. Rust,* and *James H. Dineen* ( of Maine ), for the defendant, furnished no brief.

PER CURIAM. This is an appeal from a conviction on an indictment for concealing stolen property ( RSA 582:10 ) taken from a building located in Seabrook, New Hampshire, on August 1, 1969.

During the trial, the defendant excepted to the admission and exclusion of certain evidence, to the denial of certain motions, to the failure of the Court ( *Perkins,* J. ) to charge as requested, and at the close of the trial, he excepted to the denial of his motion for a directed verdict.

The refusal of the court to grant the motion for a directed verdict does not require extended consideration. There was ample evidence that goods valued at $3,000 were stolen. Some $750 worth were recovered. These were discovered at about the time and place where the defendant and another man named Durgin, implicated in the theft, had a meeting at which the defendant was alleged to have received the stolen property. An eyewitness to the meeting and to the delivery and acceptance of property, presented convincing testimony which was unshaken on cross-examination. It appears unnecessary to detail further corroborating circumstances, and we hold that the defendant's motion for a directed verdict was properly denied.

An exception of the defendant related to the refusal of the court

to allow an experiment to be presented in the form of a question by the defense attorney, asking a witness to describe an associate attorney of the defendant. The purpose was to test the witness' power of observation. The trial court could properly find that the circumstances of the witness' observations were not comparable and we find no abuse of discretion in the court's action. Defendant's exception is overruled. *State* v. *Underwood,* 110 N.H. 413, 270 A.2d 599 ( 1970 ). *See Hanson* v. *N.H. Pre-Mix Concrete, Inc.*, 110 N.H. 377, 268 A.2d 841 ( 1970 ).

The defendant also excepted to the introduction in evidence of certain stolen objects. These had been properly identified and recovered near where an eyewitness testified that the defendant and Durgin had met and exchanged some items. The evidence was properly admitted, and the defendant's exception is overruled.

State counsel's cross-examination to discredit the defendant, who had voluntarily taken the witness stand, appears unobjectionable. The latitude permitted in such situations is within the discretion of the trial court. We find no abuse here, and the defendant takes nothing by this exception. *State* v. *Cote,* 108 N.H. 290, 295-96, 235 A.2d 111, 114-15 ( 1967 ); *State* v. *Duke,* 100 N.H. 292, 123 A.2d 745 ( 1956 ).

In conclusion, no exceptions have been briefed or argued by the defendant, and an examination of the entire record discloses no error.

*Exceptions overruled.*