Hillsborough,
No. 5847.

CHRISTOS CAPPUCHI, *ppa* DIANA CAPPUCHI

*v.*

BARBARA BRANCH

DIANA CAPPUCHI

*v.*

BARBARA BRANCH.

December 1, 1970.

*Wyman, Bean & Tefft* ( *Mr. Stanton E. Tefft* orally ), for the plaintiffs.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *William H. Kelley* ( *Mr. Kelley* orally ), for the defendant.

PER CURIAM. These actions are brought to recover damages for personal injuries suffered by Christos Cappuchi and consequential damages suffered by his mother as a result of an after-school prank. On August 14, 1965 the defendant, Barbara Branch, age 16, operating her mother's Volkswagen automobile, came to a stop near "Dutch's" restaurant on Nutfield Lane, a narrow street or alley just east of Elm Street in Manchester. Christos, age 13, saw the automobile arrive and accompanied

by another boy, Paul Carter, left Dutch's and went to the rear of the automobile. Christos positioned himself at the right rear bumper and Paul went to the lefthand side. Although the motor was running and Barbara was in the driver's seat, Christos cupped his hands under the bumper guard preparatory to attempting to lift the rear of the vehicle from the ground, the other boy doing likewise on the lefthand side. Barbara was aware of what the boys proposed to do and after discharging a passenger moved the car forward. Paul released his hold, but Christos continued to hold on, running behind the vehicle for some fifty to sixty feet until it came to a stop. When it did, Christos brought up against the rear of the car, and a projection on a ski rack beneath the rear window pierced his eyeball, resulting in the loss of his right eye.

Trial was by a jury with a view of the scene. At the close of the plaintiffs' evidence the defendant's motions for nonsuits were granted subject to plaintiffs' exceptions. The cases were reserved and transferred by the Presiding Justice ( *Bownes,* J. ).

The motions for nonsuits were granted on the ground that the plaintiff Christos was negligent as a matter of law, and because the evidence did not warrant a finding that the defendant had the last clear chance to avoid the accident.

The plaintiff Christos was 13 years of age, and had completed the eighth grade in school. His conduct was to be judged by standards applicable to a child of his age, experience, and stage of mental development. *Charbonneau* v. *MacRury,* 84 N.H. 501, 153 A. 457 ( 1931 ). *Cf. Daniels* v. *Evans,* 107 N.H. 407, 224 A.2d 63 ( 1966 ). He was not injured in the process of lifting the defendant's automobile, but rather as a result of his failure to release his hold on the bumper guard when the automobile was moved forward. He testified that he had participated with other teenagers in similar vehicle-lifting incidents "quite a few times" on previous occasions, over a period of several months. He acknowledged that at least one of these prior occasions had involved the front of the same automobile at the same place, and then occupied by the defendant; and that she had then directed him to "cut it out." While he conceded that on August 14, 1965 he realized that he had no permission to lift the automobile, he testified that he considered that Barbara would be there for a while because she was talking to a boy on the sidewalk by the car door; and that it did not occur to him that there

was any danger, even though he knew that the motor was running.

When Barbara moved the automobile ahead the other boy released his hold. Christos continued to hold on, either because as he said on deposition he "just didn't think to let go," or because as he testified at the trial, he was thrown off balance and "would have fallen and probably got hurt."

According to Barbara's testimony, before she moved the automobile one passenger had left the rear seat, and another remained seated in front. She also testified that she knew what the boys at the rear of the car were intending to do, that she was fearful that they might overturn the vehicle, and that when she started "both boys were off the car as far as I could see."

Taking the record as a whole, we consider that the nonsuits were properly granted. While the circumstance that Christos' conduct was a trespass did not entitle Barbara to act in disregard of his safety, ( *Castonguay* v. *Company*, 83 N.H. 1, 136 A. 702 ( 1927 ) ), it could be found to entitle her to use reasonable force to prevent substantial harm to the vehicle and its occupants which she feared might result. Restatement, Second, Torts *s.* 77, *s.* 218, Comment *e* ( 1965 ). *See Labore* v. *Company*, 101 N.H. 123, 135 A.2d 591 ( 1957 ); *Glidden* v. *Szybiak*, 95 N.H. 318, 63 A.2d 233 ( 1949 ). Christos had reason to expect that she would take defensive action, foreseeably by moving the vehicle away from him. The evidence would not reasonably support a finding that he was so immature and unsophisticated as not to be chargeable with appreciation of the risks to himself which were inherent in his unwelcome intermeddling. In the circumstances disclosed, he was properly held contributorily negligent as a matter of law.

There was no evidence to warrant a finding that if Barbara was aware of Christos' presence at the rear of the vehicle as she drove away, she did in fact know that Christos was unable to extricate himself from danger as the other boy had done; or that due care on her part required or time afforded an opportunity for her to take saving action. Accordingly the ruling that the doctrine of the last clear chance did not apply is sustained. *Hamlin* v. *Roundy*, 96 N.H. 123, 71 A.2d 419 ( 1950 ); *Page* v. *Gard*, 109 N.H. 494, 256 A.2d 503 ( 1969 ).

*Judgments for the defendant.*