Hillsborough,
No. 6155

## CHARLES D. PARKER

*v.*

## J. W. SIMONEAU AND SONS REALTY CORPORATION

June 30, 1971.

*Velishka & Kozlowski* and *Devine, Millimet, McDonough, Stahl & Branch* ( *Mr. Shane Devine* orally ) for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Martin L. Gross* ( *Mr. Gross* orally ) for the defendant.

GRIMES, J. On July 1, 1965, the plaintiff fell over the railing and into the well of the stairway as he was reaching for the newel post at the third floor of the rooming house owned by defendant. Plaintiff rented a room on the third floor and he was returning home about eight o'clock in the evening. Although he denied it, there was evidence from police and Paul Simoneau, an employee of defendant, that he was drunk. Plaintiff suffered serious injuries and brought this action to recover therefor. Trial by jury resulted in a verdict for the defendant, and plaintiff's exceptions to the withdrawal of the issue of the lack of an inner rail, the failure to charge as requested as to last clear chance, and the instruction that defendant could assume that tenants would use due care unless and until the ordinary person of average prudence would believe otherwise, were transferred by *Keller,* J.

Defendant owned what was the old YMCA building in Nashua. The building contained 49 rentable rooms and was operated by defendant as a rooming house. Plaintiff was a tenant on the third floor. There was no elevator. The stairways were equipped with an outside railing which would be on a person's right as he ascended the stairs, but there was no inner railing. The stairs were a minimum of 50 - 1/4 inches in width.

Plaintiff testified that he had spent part of the morning in a park with a friend and had consumed one-half pint of muscatel wine. He had returned to his room, he said, and took a nap in the afternoon. He said he then returned to the park but that he had nothing further to drink and that when he was returning home at the time of the accident, he was sober and in possession of his faculties. A police officer testified that he observed plaintiff as he returned home and entered the building and that he was walking like a " drunken person or a semi-drunken person, " and another officer who observed him after the fall testified he

smelled the odor of alcoholic beverage from his breath.

Paul Simoneau, an employee of the defendant, testified he was behind the desk in the lobby preparing a receipt for a tenant and that he saw plaintiff come in about 10-12 feet away and go up-stairs. He said plaintiff was staggering somewhat but that he did not appear to need assistance. Plaintiff testified that when he was about three steps from the third floor, he reached for the newel post as was his usual method and somehow slipped and fell over the railing to the floor below.

The sole issue of negligence on the part of defendant which was submitted to the jury was whether the railing was too low. An expert for the plaintiff said he measured it as 29 inches from the tread and that this was below the minimum standard of 30 to 31-1/2 inches. There was evidence from defendant, however, that the National Building Code calls for a minimum of 30 inches and defendant's expert testified that he measured the rail in ques-tion at 30-1/4 inches.

Plaintiff contends that the trial court erred in not granting his fourth request for instructions to the effect that if the jury found plaintiff was intoxicated and negligent in becoming so and there-fore at fault for creating his danger but that the defendant by the exercise of due care could have " averted, avoided or prevented the accident after [Mr. Parker's peril was or should have been discovered by the defendant], then the defendant's conduct [becomes] the sole proximate cause of the accident and [the] plaintiff [is] entitled to recover. "

The request sought to raise the issue of last clear chance. We are of the opinion that the evidence did not warrant the submission of last clear chance because not all the requirements for the appli-cation of the doctrine could be found. *Page* v. *Gard,* 109 N.H. 494, 256 A.2d 503 ( 1969 ); *Hamlin* v. *Roundy,* 96 N.H. 123, 71 A.2d 419 ( 1950 ). *See also Guitarini* v. *Company,* 98 N.H. 118, 95 A.2d 784 ( 1953 ).

The plaintiff further contends that the court erred in withdrawing from the jury the issue of the absence of an inner stair rail which there was evidence was required under the Nashua Building Code. Considering the width of the stairs, it could not be found that plaintiff could have reached an inner rail to save himself at the time he began to fall. There is no evidence that had there been an inner rail plaintiff would have been using it instead of the outer rail. Since he chose a course along the outer rail the pres-ence of an inner rail could not have served to prevent the accident.

Plaintiff finally contends that the court erred in giving the following instruction: " The defendant had a right to assume that tenants using the stairs would use due care in exercising their sight and their faculties. Unless and until the defendant had reason to believe this was not so, the defendant had the right to make that assumption to such extent, and only to such extent, as would have the ordinary person of average prudence in the same or similar circumstances. "

This instruction correctly stated the law and left it as a matter of fact for the jury to determine whether plaintiff's condition was such as to make it unreasonable for the defendant to assume careful conduct on the part of the plaintiff. *Allen* v. *State,* 110 N.H. 42, 46, 260 A.2d 454, 457 ( 1969 ).

*Judgment for the defendant.*

All concurred.